■ In the Matter of DIANA HILLMAN, Respondent, v. JOHN MINICOZZI, Appellant.— In a proceeding to establish paternity, the alleged father appeals from an order of the Family Court, Suffolk County, entered January 31, 1966, which (1) denied his motion to dismiss the petition on the ground that a prior order of said court, dated March 1, 1965, dismissing a prior petition, was *res judicata,* (2) vacated said prior order and (3) set down the proceeding for hearing. Appeal dismissed, without costs. The order is not one of disposition and, therefore, no appeal lies therefrom as of right (Family Ct. Act, § 1012). However, we have examined the merits of the appeal and, had the appeal been properly before us, we would have affirmed the order, in accordance with the following views: The prior order (a printed form) in substance recites that after a hearing it was adjudged that appellant was not the father of the child in question. Following the words " dismissed" and that bail is " exonerated", at the foot of the order, there is the typewritten recital: " Child was adopted." In the opinion by the court below rendered in determining the motion in the present proceeding, it is stated that an examination of the record discloses that " no testimony was in fact ever taken," that " it appears that the child was not adopted," that the entry of the prior order was " an obvious error" and that, in the interests of justice, the prior order " must be corrected," pursuant to CPLR 5019 (subd. [a]). While the prior order is conclusive on its face, it is obvious that it was erroneous in that, contrary to its recitals, there had been no hearing and no finding that appellant was not the father of the child. It follows that the prior dismissal was not on the merits. It is clear that the court had intended to dismiss the prior proceeding by reason of the fact that the " Child was adopted" and not for any other reason. Since the adoption did not materialize, petitioner had the right under the facts presented to institute her proceeding anew. Brennan, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.