■ VIRGINIA J. BARRY, Respondent, v. AMERICAN HOME ASSURANCE COMPANY, Appellant.— Order of the Supreme Court, New York County entered May 14, 1971, denying motion to dismiss on the ground of *forum non conveniens,* reversed on the facts, the law and in the exercise of discretion, without costs and without disbursements, and the motion is granted, defendant having stipulated in its brief to accept the service of process in either Delaware or Pennsylvania. On October 16, 1970, a chartered aircraft crashed near the Greater Wilmington Airport in the State of Delaware. Earlier in the day, the plane had taken off from Teterboro, New Jersey with a single pilot, Rudolph J. Halamka, and one passenger, Josiah M. Scott. Both the pilot and Scott were killed as a result of the claimed crash. Previously, the passenger Scott had acquired in Delaware through a Delaware broker a $500,000 accidental death policy on his life which policy was issued by the defendant American. Thereafter, the plaintiff was made a beneficiary of the policy. Ten witnesses, all residents of the Delaware-Pennsylvania area, have signed affidavits with reference to their observations before the crash and after. The owner of the aircraft involved, as well as the repair and maintenance men are in the Delaware and Pennsylvania area. The Federal aviation agency which made a study of the accident and their investigators are all residents of the Delaware and Pennsylvania area. The convenience of the witnesses to and the investigators of the facts and cause of the occurrence would best be served by a trial in the State of Delaware. (*Slavin* v. *Whispell,* 5 A D 2d 296.) In addition, both Mr. Scott and Miss Barry were residents of the Delaware and Pennsylvania area, as was the pilot. Apparently, Miss Barry has since married and is a resident of London, England. In *Silver* v. *Great Amer. Ins. Co.,* (29 N Y 2d 356) decided after the order herein, our Court of Appeals held that the application of the doctrine of *forum non conveniens* should turn on considerations of justice, fairness and conveniences and not solely on the residence of the party. Accordingly, we hold the interests of justice, fairness and convenience would best be served by granting the motion to dismiss. Concur — Markewich, J. P., McNally and Tilzer, JJ.; Nunez and Kupferman, JJ., dissent in the following memorandum by Kupferman, J.: This is a suit for breach of a contract for payment of life insurance. The policy was issued in New York, and the breach took place in New York, with the defendant insurer, a New York corporation, having its principal place of business here. The claim forms by the plaintiff also, perforce, were filed in New York. The deceased started in New York City for Teterboro, New Jersey, for his flight to Delaware. Where the contention is, as here, that the deceased by virtue of his actions with respect to the crash, caused his own death, obviously New York witnesses will necessarily be called by the plaintiff regarding the decedent's activity prior to the flight. While there are factors which, in view of *Silver* v. *Great Amer. Ins. Co.,* (29 N Y 2d 356) on *forum non conveniens,* could lend themselves to trial in this forum, or in Delaware, or in Pennsylvania, the determining factor for us is the fact that plaintiff was not afforded the opportunity of suit in an alternative forum until jurisdiction was first here established. In a case such as this, where the defendant seeks to have the

assistance of the court for the purpose of transferring the action, it should first be shown that the plaintiff was given the opportunity to avail herself of the alternative and refused. Once the plaintiff has made a reasonable choice of a forum, and at the time of the commencement of the action, she, in fact, had no other choice, the court should not intervene.