■ AL NYMAN & SON, INC., et al., Respondents, v. UNITED STATES LINES, INC., Appellant.— Order, entered on October 9, 1973 in the Supreme Court, New York County, denying defendant's motion to dismiss the complaint on grounds of *forum non conveniens*, unanimously reversed, on the law and in the exercise of discretion, with $60 costs and disbursements to the appellant, and motion granted in the interest of substantial justice (CPLR 327), upon condition that defendant serves written notice upon plaintiffs within 20 days after the service upon it by plaintiffs of a copy of the order to be settled hereon, that it will accept service of process in Chicago, Illinois or Los Angeles, California, at plaintiffs' option, and appear in any action commenced therein by plaintiffs for the same relief demanded in the complaint herein. And further, that in any action so commenced, it will not plead (thus waiving) the Statute of Limitations, or any other time limitation provision, as a defense. Said action is to be commenced within 60 days after the date of the settled order. In the event of defendant's failure to comply with the foregoing conditions, the order is unanimously affirmed with $60 costs and disbursements to respondents. This is a conversion action for the alleged misdelivery of a shipment of lamps carried on a vessel by the defendant from Hong Kong to Los Angeles, California, pursuant to a bill of lading issued by the defendant which bore the legend "notify Universal Lamp Co." The shipment was consigned to the order of plaintiff, P. A. T. Corporation Limited. The vessel arrived and was discharged on December 10, 1971 at Long Beach (Los Angeles), California. Universal Lamp Co. obtained the premature release of the ship-

ment without the bill of lading upon its plea that a strike of longshoremen was imminent. Seven months later P. A. T. Corporation assigned the bill of lading to plaintiff, Al Nyman & Son, Inc. The only nexus New York has with this imported litigation is that plaintiff Nyman, the assignee, is a New York corporation and the defendant has its principal place of business in New York. P. A. T. Corporation assigned the bill of lading to its coplaintiff with full knowledge that the merchandise had been delivered to Universal Lamp seven months before. Universal claims that it was authorized to receive the lamps and that it has paid P. A. T. Corporation for them. Universal is based in Chicago. The lamps were shipped in Hong Kong by a Hong Kong corporation. They were carried to Los Angeles where the alleged conversion occurred when they were delivered to Universal in Los Angeles. CPLR 327 codifies the principles enunciated in *Silver* v. *Great Amer. Ins. Co.* (29 N Y 2d 356, 361) that "our courts should not be under any compulsion to add to their heavy burdens by accepting jurisdiction of a cause of action having no substantial nexus with New York." Consonant with decisional precedents and invoking considerations of justice, fairness and convenience, dismissal upon the ground of *forum non conveniens* should have been granted. (See *Silver* v. *Great Amer. Ins. Co., supra; Gibson Greeting Cards* v. *Gateway Transp. Co.,* 41 A D 2d 918; *Barry* v. *American Home Assur. Co.,* 38 A D 2d 928, affd. 31 N Y 2d 684.) Concur — Nunez, J. P., Kupferman, Murphy, Capozzoli and Lane, JJ.