■ INGRID DAHL et al., Appellants, v AMOS GARDNER, Respondent.— Order, Supreme Court, New York County, entered August 29, 1974 granting plaintiffs' motion to reargue and upon reargument, adhering to the court's ·prior decision dismissing the action on the grounds of *forum non conveniens* unanimously affirmed with one bill of $40 costs and disbursements of these appeals to respondent. Appeal from order Supreme Court, New York County, entered June 4, 1974 granting defendant's motion to dismiss the action upon the grounds of *forum non conveniens* unanimously dismissed as academic. Appeal from order Supreme Court, New York County, entered April 1, 1975 denying plaintiffs' motion for leave to reargue unanimously dismissed as nonappealable. Special Term acted well within the bounds of discretion in dismissing the action upon the grounds of *forum non conveniens.* The accident occurred in Pennsylvania and the vehicles involved therein were both registered in Pennsylvania. Additionally, it is clear that the defendant, at the time of the accident, was a Pennsylvania resident and in addition, the police report indicates that plaintiffs were residents of Pennsylvania. In fact, the record establishes that not only did the plaintiff

Ingrid Dahl reside in Pennsylvania but that she was also employed there. However, even if we were to accept the allegations that plaintiff Kent Dahl (who is merely suing for loss of services) was never a resident of Pennsylvania and that plaintiff Ingrid Dahl, at the time of the accident, maintained dual residences in Pennsylvania and New York, and was in the process of removing completely to New York State, such does not mandate retention of jurisdiction by this State. (*Silver v Great Amer. Ins. Co.* 29 NY2d 356; CPLR 327.) Additionally, while plaintiff maintains that certain witnesses reside in New York, it also appears that various witnesses reside in Pennsylvania—plaintiff Ingrid Dahl having been treated by Pennsylvania physicians and at Pennsylvania hospitals immediately after the accident and several times subsequently. Concur—Markewich, J. P., Lupiano, Tilzer, Lane and Nunez, JJ.