■ JOSEPH R. CROWLEY et al., as Trustees of Interstate Stores, Inc., and Its Subsidiaries, Including Topps of Indiana, Inc., Respondents, v GUARDSMARK, INC., Appellant.—Order of the Supreme Court, New York County, entered June 7, 1977, denying defendant's motion to dismiss on the ground of *forum non conveniens,* unanimously reversed, on the law and the fact and in the exercise of discretion, without costs and without disbursements, and the motion granted on the condition that the defendant serve written notice upon plaintiffs within 20 days after the service upon it by plaintiffs of a copy of the order to be entered hereon, that it will accept service of process in Indiana and appear in any action commenced therein by plaintiffs for the same relief demanded in the complaint herein, and further, that in any action so commenced, it will not plead and will waive the Statute of Limitations or any other time limitation provision as a defense. Said action in Indiana is to be commenced within 90 days after the date of the order entered herein. This is an action against a security company for damages resulting from a burglary in a store in Indiana. The corporate parent of the store which was the subject of the burglary in Indianapolis is in bankruptcy with estate being administered in the Southern District of New York. The said corporation is a New York resident with the principal office located in Manhattan, and the plaintiffs-respondents are the trustees in bandruptcy. The complaint alleges that the "inside job" resulted in the loss of property valued at some $26,000 in 1974, and the defendant-appellant security company had been retained under an oral agreement to guard the Indianapolis premises. The defendant-appellant has an office for the conduct of business in Manhattan and is qualified to do business in the State of New York. However, all of the key witnesses to the alleged loss of property are resident in the Indianapolis area and the employees involved are also there. The most significant part of the cause of action will involve this Indianapolis testimony. Under the circumstances, we hold that "the interests of justice, fairness and convenience would best be served by granting the motion to dismiss". *(Barry v American Home Assur. Co.,* 38 AD2d 928, affd 31 NY2d 684; see, also, *Nyman & Son v United States Lines,* 44 AD2d 516; *Mirabella v Banco Ind. De La Republica Argentina,* 43 AD2d 489, 491.) Concur—Kupferman, J. P., Lupiano, Lane, Sandler and Sullivan, JJ.