■ RODNEY G. CARR, Appellant, v INTEGON GENERAL INSURANCE CORPORATION, Respondent.—In an action, *inter alia,* for

a judgment declaring that the defendant must provide the plaintiff with no-fault insurance benefits, the plaintiff appeals from an order of the Supreme Court, Kings County (Vinik, J.), dated August 8, 1990, which, *inter alia,* dismissed the action without prejudice to the plaintiff commencing an action in North Carolina for the same relief, on the ground of forum non conveniens.

Ordered that the order is affirmed, with costs, and the plaintiff's time to commence an action in North Carolina for the same relief, for which the defendant must accept service of process and agree to waive any defense based on the Statute of Limitations not available in New York at the time of the commencement of this action, is extended until 30 days after service upon him of a copy of this decision and order, with notice of entry.

The plaintiff alleges that the court improperly invoked the doctrine of forum non conveniens *sua sponte.* While it is true that a court may not, upon its own motion, invoke that doctrine, and that, pursuant to CPLR 327 (a), such relief may only be granted upon the motion of a party *(see, VSL Corp. v Dunes Hotels & Casinos,* 70 NY2d 948, 949), the order appealed from expressly recites that the "[d]efendant ha[d] requested that the court decline to retain jurisdiction over this matter", and there is nothing in the record indicating anything to the contrary. Assuming that the plaintiff is correct and that the recitals in the order are inaccurate or untrue, it was incumbent upon the plaintiff to seek resettlement of the order *(see,* CPLR 5019 [a]; *see also,* CPLR 2219 [a]; *cf., Matter of Hillman v Minicozzi,* 25 AD2d 866; *Kay-Fries, Inc. v Martino,* 73 AD2d 342, 351). Since the plaintiff never sought resettlement of the order to correct what he purports is an erroneous recital, we must take the order at face value and presume that the defendant requested dismissal pursuant to CPLR 327 (a).

The court's dismissal of the action without prejudice to recommencement in North Carolina was not an improvident exercise of discretion *(see, H & J Blits v Blits,* 65 NY2d 1014, 1015) and, in fact, was appropriate under the facts of this case. We find that the relevant factors militated against New York retaining jurisdiction of the action *(see, Islamic Republic of Iran v Pahlavi,* 62 NY2d 474, 479, *cert denied* 469 US 1108). The action has no substantial nexus with New York, and thus New York need not entertain this lawsuit, although the plaintiff is probably a New York resident *(see, Demenus v Sylvester,* 146 AD2d 668, 669).

In light of our conclusion, we need not address the plaintiff's remaining arguments regarding his alleged entitlement to summary judgment. Bracken, J. P., Sullivan, Balletta and Lawrence, JJ., concur.