■ ARTHUR STAMM et al., Appellants, v DELOITTE AND TOUCHE, Respondent. [608 NYS2d 498] —In an action to recover damages, inter alia, for accounting malpractice, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Cannavo, J.), dated February 24, 1992, which granted the defendant's motion to dismiss the action on the grounds of forum non conveniens.

Ordered that the order is affirmed, with costs.

It is well established that New York courts are not compelled to retain jurisdiction in any case which has no substantial nexus to New York (see, Banco Ambrosiano v Artoc Bank & Trust, 62 NY2d 65, 73; Silver v Great Am. Ins. Co., 29 NY2d 356, 361). The burden rests upon the defendant challenging the forum to demonstrate that private or public interests

militate against litigation going forward in this State *(see, Islamic Republic v Pahlavi,* 62 NY2d 474, 479, *cert denied* 469 US 1108; *Bader & Bader v Ford,* 66 AD2d 642). Among the factors which the court must weigh when deciding a motion to dismiss on such ground are the residency of the parties, the potential hardship to proposed witnesses, the availability of an alternative forum, the situs of the underlying action, and the burden which will be imposed upon the New York courts, with no one single factor controlling *(see, Islamic Republic v Pahlavi, supra; Neville v Anglo Am. Mgt. Corp.,* 191 AD2d 240, 241-242). The motion is addressed to the sound discretion of the court, and whatever result is reached will not be disturbed on appeal unless the court has failed to consider all the relevant factors *(see, National Bank & Trust Co. v Banco De Vizcaya,* 72 NY2d 1005, *cert denied* 489 US 1067; *Islamic Republic v Pahlavi, supra; Banco Ambrosiano v Artoc Bank & Trust, supra; Varkonyi v S.A. Empresa De Viacao Airea Rio Grandense [Varig],* 22 NY2d 333).

Upon consideration of all of the relevant factors involved, we find that the Supreme Court did not improvidently exercise its discretion in dismissing the action on the ground of forum non conveniens *(see, Islamic Republic v Pahlavi, supra; Silver v Great Am. Ins. Co., supra; Bader & Bader v Ford, supra).* Sullivan, J. P., Joy, Friedmann and Goldstein, JJ., concur.