■ Isaac M. Sarfaty et al., Appellants, v Rainbow Helicopters, Inc., et al., Respondents. [634 NYS2d 164] —In an action, *inter alia,* to recover damages for wrongful death, the plaintiffs appeal (1) from a decision of the Supreme Court, Kings County (Held, J.), dated April 20, 1994, which, among other things, determined the branch of the motion of the defendants Niagara Helicopters, Limited, and Rudolfo DeCastro to dismiss the complaint on the ground of forum non conveniens, (2) from so much of an order of the same court, dated May 18, 1994, as upon granting their motion, in effect, to vacate the decision dated April 20, 1994, vacated the decision dated April 20, 1994, and, *inter alia,* referred the matter to a Judicial Hearing Officer to hear and report on whether the court had personal jurisdiction over the defendants Niagara Helicopters, Limited, and Rudolfo DeCastro and directed that if it was determined that the court had jurisdiction the April 20, 1994, decision would be reinstated, (3) from a decision of the same court, dated October 11, 1994, which, upon the findings of a Judicial Hearing Officer that New York could assert jurisdiction over Niagara Helicopters, Limited, and Rudolfo DeCastro, reinstated the decision dated April 20, 1994, and (4) an order of the same court dated October 28, 1994, which dismissed the complaint as against all defendants on the ground of forum non conveniens.

Ordered that the appeal from the decisions dated April 20, 1994, and October 11, 1994, are dismissed, as no appeal lies from a decision *(see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the appeal from the order dated May 18, 1994, is dismissed, as no appeal lies from an order deciding a motion to vacate a decision *(see, Behrens v Behrens,* 143 AD2d 617); and it is further,

Ordered that the order dated October 28, 1994, is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The doctrine of forum non conveniens permits a court to dismiss an action, although it has jurisdiction over the parties

and the claim, when the court believes that "in the interest of substantial justice the action should be heard in another forum" (CPLR 327 [a]). The doctrine presumes that the court may exercise in personam jurisdiction over the parties, and its application requires the "balancing of many factors in light of the facts and circumstances of the particular case" *(National Bank & Trust Co. v Banco De Vizcaya,* 72 NY2d 1005, 1007, *cert denied* 489 US 1067; *see, Silver v Great Am. Ins. Co.,* 29 NY2d 356, 361). "The burden rests upon the defendant challenging the forum to demonstrate that private or public interests militate against litigation going forward in this State" *(Stamm v Deloitte & Touche,* 202 AD2d 413, 414). Among the factors which the court must weigh when deciding such a motion are the residency of the parties, the potential hardship to proposed witnesses, the availability of an alternative forum, the situs of the underlying action, and the burden which will be imposed upon the New York courts, with no one single factor controlling *(see, Islamic Republic of Iran v Pahlavi,* 62 NY2d 474, *cert denied* 469 US 1108; *Stamm v Deloitte & Touche, supra).* As a determination of the issue rests within the discretion of the trial court, so long as the court has examined the relevant circumstances its determination will not be disturbed *(see, National Bank & Trust Co. v Banco De Vizcaya, supra; Stamm v Deloitte & Touche, supra).*

While the Supreme Court erred in its April 20, 1994, decision by determining to dismiss the complaint on the ground of forum non conveniens without first determining whether it had personal jurisdiction over the defendants Niagara Helicopters, Limited, and Rudolfo DeCastro *(see, Ehrlich-Bober & Co. v University of Houston,* 49 NY2d 574, 579), the court rectified this error by granting the plaintiffs' motion to set aside the decision, and by referring the matter to a Judicial Hearing Officer, who determined that the court could exercise in personam jurisdiction over Niagara Helicopters, Limited. The plaintiffs contend that the court "prejudged" the matter by stating, at the time the matter was referred to the Judicial Hearing Officer but before a determination had been made on the jurisdiction question, that it would adhere to its decision dated April 20, 1994, to dismiss the complaint on forum non conveniens grounds if it were determined that the court had jurisdiction over Niagara Helicopters, Limited, and Rudolfo DeCastro. This contention is without merit, however, as it is clear that the court examined all of the relevant circumstances in making its determination.

In determining whether to dismiss the complaint on forum

non conveniens grounds, the court found that Niagara Helicopters, Limited, was a Canadian business entity and Rudolfo DeCastro, the pilot of the aircraft which crashed into the helicopter in which the decedent was a passenger, was Canadian, the accident occurred in Canada, many of the witnesses and documents relating to the accident were in Canada, litigation over the accident was already underway in Canada, Canadian law would probably apply, and continuing the litigation in Kings County would create "inevitable delay and inconvenience, both to the defendants and this court". The court recognized that the only connection to Kings County was that the plaintiffs' decedent resided in that county at the time of his death. On this record, it is clear that the court considered the relevant circumstances in making its determination, and acted within its discretion. This determination will not be disturbed. Bracken, J. P., Sullivan, Miller and Florio, JJ., concur.