■ LORI C. BRENCKMAN, Appellant, v ELI LILLY & Co. et al., Respondents. [654 NYS2d 139] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered October 5, 1995, which, *inter alia*, granted defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff, an out-of-State resident, concedes that inasmuch as the diethylstilbestrol (DES) to which she was exposed was purchased in Connecticut and her exposure to it occurred there and she is unable to identify specifically the manufacturers or suppliers of the DES that allegedly caused her injuries, Connecticut law applies. Connecticut does not recognize non-identification theories of liability in products liability cases such as this. She argues, however, that in granting summary judgment (*see, Godfrey v Eli Lilly & Co.*, 223 AD2d 427, *lv denied* 88 NY2d 801), the motion court improperly put the burden on her to come forward with proof of identification, and that in any event she should have first been given an opportunity to conduct disclosure. We disagree. Any available extant information on identification can only be with plaintiff's mother, her mother's physician or the pharmacy where the records were transferred after the pharmacy where the DES was bought was closed, and, in the absence of affidavits from such persons, we see no reason for delaying dismissal of the action. Concur—Sullivan, J. P., Rosenberger, Tom and Andrias, JJ.