■ In the Matter of NEW YORK COUNTY DES LITIGATION. MARSHALL J. ROWE, Appellant, v ELI LILLY & Co. et al., Respondents. STONEY B. LAWSON, Appellant, v ELI LILLY & Co. et al., Respondents. NANCY C. SPRUILL, Appellant, v ELI LILLY & Co. et al., Respondents. LARRY P. WALTHER, Appellant, v ELI LILLY & Co. et al., Respondents. ANN K. MYSZKA et al., Appellants, v ELI LILLY & Co. et al., Respondents. [656 NYS2d 858] —Orders, Supreme Court, New York County (Ira Gammerman, J.), entered January 23, 1996, which, *inter alia*, granted defendants' motions for summary judgment dismissing the complaints, unanimously affirmed, with separate bills of costs and disbursements.

The actions were properly dismissed on the ground that plaintiffs, out-of-State residents, concede that their exposure to DES occurred in States that do not recognize non-identification theories of liability in products liability cases such as this and

that they cannot identify specifically the manufacturers or suppliers of the DES that allegedly caused their injuries (*Brenckman v Eli Lilly & Co.*, 237 AD2d 126, citing *Godfrey v Eli Lilly & Co.*, 223 AD2d 427, *lv denied* 88 NY2d 801). Plaintiffs' arguments that the motion court should have given them an opportunity to conduct disclosure, or at least conditioned dismissal upon defendants' waiver of personal jurisdiction and Statute of Limitations defenses, are improperly raised for the first time on appeal, and we decline to consider them. In any event, it is clear, first, that, as we stated in *Brenckman v Eli Lilly & Co.* (*supra*), there is no reason to suppose that disclosure will be helpful on the issue of identification in the absence of affidavits from plaintiffs' mothers or their mothers' physicians or pharmacies, the only persons who can possibly have any available extant information bearing on that issue, and, second, that the actions were dismissed on the merits and not *sub silentio* on forum non conveniens grounds by the court *sua sponte*, contrary to CPLR 327. Concur—Sullivan, J. P., Nardelli, Williams and Tom, JJ.