OPINION OF THE COURT
Ira B. Harkavy, J.
Defendant moves for an order dismissing the above-entitled action based upon a claim that the court lacks jurisdiction in this matter.
Defendant further claims that even if the court finds it has jurisdiction, the action should be dismissed on the grounds of forum non conveniens.
The parties to this action were married on May 15, 1985. There are two children of the marriage, Michael, born in 1987 and Alyssa, born in 1990. Until June 1997, the plaintiff was a member of the United States Army. As a result of his military service, the parties moved frequently, depending upon where he was stationed.
In June 1997, plaintiff left military service. He is currently an employee of Mac/s Department Store in Staten Island. In June 1997, the parties moved to Staten Island from where they had resided previously. However, due to marital difficulties, plaintiff and defendant lived in separate residences. The parties lived in Staten Island for a little over one year. In December 1998, the parties relocated to Randolph, New Jersey, living separately in a house.
This action was commenced on September 23, 1998 by the filing of a summons with notice in Richmond County, which was then the place of residence of both the plaintiff and defendant. The ground for divorce was constructive abandonment of the husband by the wife, pursuant to Domestic Relations Law § 170 (2). The defendant was never served with this summons. *209 In December 1998, the summons with notice was amended to include not only the ground of constructive abandonment, but also adultery and cruel and inhuman treatment. The defendant was personally served with the amended summons with notice on December 21, 1998. At the time of service both parties were residents of New Jersey.
The defendant herein contends that the court does not have jurisdiction in this action in that she was not served with the original summons with notice. She further contends that even though she was served with the amended summons, the plaintiff had no right to amend a summons which was never served. Plaintiff maintains that the action was commenced with the filing of the summons, and that regardless of the fact that defendant was not served with the original summons, she was served with the amended summons within 120 days of the commencement of the action. In essence, the plaintiff is claiming that the amended summons is tantamount to an original summons because service was done within 120 days as required by statute.
Domestic Relations Law § 211 sets forth the manner in which a matrimonial action shall be commenced, to wit: “by the filing of a summons with the notice designated in section two hundred thirty-two of this chapter, or a summons and verified complaint as provided in section three hundred four of the civil practice law and rules”.
Domestic Relations Law § 232 requires that a defendant be given notice that an action has been commenced.
In order to obtain jurisdiction over the parties in a mátrimonial action, the mandates of Domestic Relations Law § 230 must be satisfied. The statute states in relevant part:
“An action to annul a marriage, or to declare the nullity of a void marriage, or for divorce or separation may be maintained only when * * *
“4. The cause occurred in the state and both parties are residents thereof at the time of the commencement of the action”.
CPLR 305 (a) states: “A summons shall specify the basis of the venue designated and if based upon the residence of the plaintiff it shall specify the plaintiff’s address, and also shall bear the index number assigned and the date of filing with the clerk of the court”.
The purpose of the summons is to notify a defendant that plaintiff seeks a judgment against defendant so that a defen *210 dant may take such steps as may seem advisable to protect defendant’s interests (see, 3A Carmody-Wait 2d, NY Prac § 24.82, at 553).
CPLR 305 (c) states: “At any time, in its discretion and upon such terms as it deems just, the court may allow any summons or proof of service of a summons to be amended, if a substantial right of a party against whom the summons issued is not prejudiced.”
The amendment of the summons, served within 120 days of the filing, was not fatal to the court’s jurisdiction in this matter. Even at this juncture a party could seek leave of court to amend a pleading. The plaintiff and defendant were both residents of the State of New York on September 23, 1998, the date the summons was filed, and the action for divorce commenced, and the grounds for divorce arose in New York State. The defendant was timely served and provided with notice of the action.
FORUM NON CONVENIENS
CPLR 327 codifies the legal theory known as “forum non conveniens”.
CPLR 327 (a) states: “When the court finds that in the interest of substantial justice the action should be heard in another forum, the court, on the motion of any party, may stay or dismiss the action in whole or in part on any conditions that may be just. The domicile or residence in this state of any party to the action shall not preclude the court from staying or dismissing the action.”
As set forth in Sarfaty v Rainbow Helicopters (221 AD2d 618), the doctrine of “forum non conveniens” presumes that the court may exercise in personam jurisdiction over the parties. Its application requires the “balancing of many factors in light of the facts and circumstances of the particular case” (National Bank & Trust Co. v Banco De Vizcaya, 72 NY2d 1005, 1007; see, Silver v Great Am. Ins. Co., 29 NY2d 356, 361). “The burden rests upon the [party] challenging the forum to demonstrate that private or public interests militate against litigation going forward in this State” (Stamm v Deloitte & Touche, 202 AD2d 413, 413-414). Among the factors which the court must weigh when deciding such a motion are the residency of the parties, the potential hardship to proposed witnesses, the availability of an alternative forum, the situs of the underlying action, and the burden which will be imposed upon the New York courts, with no one single factor controlling (see, Stamm v *211 Deloitte & Touche, supra). As a determination of the issue rests within the discretion of the trial court, so long as the court has examined the relevant circumstances its determination will not be disturbed (see, National Bank & Trust Co. v Banco De Vizcaya, supra; Stamm v Deloitte & Touche, supra).
Domestic Relations Law § 75-h is the equivalent of CPLR 327 in matters concerning child custody and visitation. It states in relevant part:
“1. A court which has jurisdiction under this article to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum * * *
“[3] (a) another state is or recently was the child’s home state;
“(b) another state has a closer connection with the child and his family or with the child and one or more of the contestants;
“(c) substantial evidence concerning the child’s present or future care, protection, training, and personal relationships is more readily available in another state * * *
“4. Before determining whether to decline or retain jurisdiction the court may communicate with a court of another state and exchange information pertinent to the assumption of jurisdiction by either court with a view to assuring that jurisdiction will be exercised by the more appropriate court and that a forum will be available to the parties.”
Each party has set forth their own different version of the facts in this case. There is no dispute, however, that at the time of the commencement of the action both parties were residents of the State of New York; that they both relocated to New Jersey in or about December 1998; that the children are enrolled in school in New Jersey; that the children’s physicians are in New Jersey; that the children’s nanny resides in the marital home with the parties; and that the defendant is employed in New Jersey.
The plaintiff is employed in Staten Island and alleges that he intends to relocate to Staten Island. However, he did enter into a lease for the house he currently resides in with the defendant and their children and at the time he registered the children for school in Randolph, New Jersey, he certified under penalty of perjury that he was a legal resident of the community in which the school is located.
*212 In the instant case, the court has been contacted by the chambers of the Honorable Herbert S. Friend of the Superior Court of New Jersey, Chancery Division, Family Part, Morris County. The parties to this action have appeared before the court in New Jersey and an order has been entered restraining both parties from removing the children from New Jersey.
Inasmuch as a case has been opened in the Superior Court of the State of New Jersey and they have exercised jurisdiction over the parties, and based upon all of the foregoing, the court finds that the State of New Jersey is a more convenient forum for this matter to be heard. Further proceedings between the parties are scheduled to be heard in the New Jersey court on April 1, 1999.
While this court may have jurisdiction in this matter, it does find, based upon the totality of the circumstances in this case, and in the best interests of the children, that the State of New Jersey is the more appropriate forum for this matter to be determined.
The second branch of defendant’s motion is granted. The within action is dismissed on the grounds of forum non conveniens, pursuant to CPLR 327 and Domestic Relations Law § 75-h.