■ JUDITH S. ARMATA et al., Appellants, v ABBOTT LABORATORIES et al., Respondents, et al., Defendants. [725 NYS2d 924] —Appeal by plaintiffs Judith Shepherd Armata, Kathleen Anna Maffa-Krailo and Marianne Margaret Alberigi unanimously dismissed and order modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: This appeal arises from an action commenced in New York alleging injuries from plaintiffs' in utero exposure to diethylstilbestrol (DES). Plaintiffs Judith Shepherd Armata, Kathleen Anna Maffa-Krailo and Marianne Margaret Alberigi (collectively, Massachusetts plaintiffs) were born in and are residents of the Commonwealth of Massachusetts, and plaintiff Lorraine Allison Therrien was born in and is a resident of the State of Connecticut. Plaintiffs concede that Connecticut law applies to Therrien and that Massachusetts law applies to the Massachusetts plaintiffs.

Supreme Court properly determined that Connecticut law does not recognize non-identification theories of liability in DES litigation and properly granted those parts of defendants' motion and cross motions seeking to dismiss the complaint insofar as Therrien asserts those theories of liability (*see, Brenckman v Lilly & Co.,* 237 AD2d 126). In addition, the court denied those parts of defendants' motion and cross motions with respect to non-identification theories of liability asserted by the Massachusetts plaintiffs on the ground that the law in Massachusetts concerning the viability of those theories of liability remains unsettled. The Massachusetts plaintiffs are not aggrieved by that denial, and thus their contention on appeal regarding a perceived limitation of discovery is not properly before us (*see,* CPLR 5511; *Graney Dev. Corp. v Taksen* [action No. 2], 66 AD2d 1008).

We conclude, however, that the court erred in denying Therrien an opportunity for discovery on her alternate theories of recovery that may yet be substantiated if she is able to identify the specific manufacturer of the product ingested by her mother. Because Therrien has not had an opportunity to conduct any meaningful discovery, the court should have

denied as premature the motion and cross motions of defendants seeking to dismiss the complaint insofar as Therrien asserts those alternate theories of recovery (*see, Hager v Denny's, Inc.,* 281 AD2d 921; *Urcan v Cocarelli,* 234 AD2d 537). We therefore modify the order accordingly, and we remit the matter to Supreme Court for supervision of discovery pursuant to CPLR 3104. (Appeal from Order of Supreme Court, Erie County, O'Donnell, J.—Dismiss Pleading.) Present—Pigott, Jr, P. J., Wisner, Kehoe and Burns, JJ.