■ MICHAEL H. SWEIS, Respondent, v ELIZABETH M. SWEIS, Appellant. [826 NYS2d 625]—

In a matrimonial action in which the parties were divorced by judgment dated April 6, 2001, the defendant former wife appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Westchester County (Donovan, J.), entered January 24, 2006, which, inter alia, denied that branch of her

motion which was, in effect, to enforce the provisions of the judgment of divorce concerning certain marital debt, without prejudice to moving for that relief in the courts of the state of Indiana in connection with her claims relating to custody and visitation.

Ordered that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying that branch of the motion which was, in effect, to enforce the provisions of the judgment of divorce concerning certain marital debt, without prejudice to moving for that relief in the courts of the state of Indiana; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a determination of that branch of the motion which was, in effect, to enforce the provision of the judgment of divorce concerning certain marital debt.

The parties were married in 1983 and have two children, Sarah, born October 8, 1985, and John, born September 28, 1993. The parties separated in 1999 and in January 2001 they entered into an oral stipulation of settlement (hereinafter the stipulation), which was incorporated, but not merged with the judgment of divorce. The stipulation provided, inter alia, as follows: (1) the former husband was awarded custody of the children and was required to provide the wife with regular medical and educational updates on the children; (2) the former wife, who held sole title to the marital home in Yonkers, was to transfer sole title to the former husband, and he would be responsible for all debts, mortgages, foreclosure costs, and other liabilities regarding that property, and he would hold the former wife harmless as to any debts incurred therefrom; (3) the former husband would be solely responsible for any of his individual credit card debts, as well as the parties' jointly held credit card debts; and (4) a child would be deemed emancipated upon, inter alia, obtaining self-supporting employment on or after his or her 18th birthday, excluding full-time employment obtained only during vacations and summers.

In the summer of 2002 the former husband and the children relocated out-of-state. After living in the state of California for several years, the former husband and children apparently moved to the state of Indiana in January 2005.

In November 2005 the former wife moved, inter alia, for (1) suspension of her child support obligations on the ground that the former husband was interfering with her visitation rights; (2) her son John's return to New York so she could resume visitation with him; (3) adjudication of her daughter Sarah as

emancipated; (4) reimbursement from the former husband of the sum of $3,360 plus interest for her payment of marital credit card debt; (5) reimbursement from the former husband of the sum of $2,625 plus interest for charges for electricity provided to the marital home; and (6) regular education and medical updates on the children from the former husband.

The Supreme Court held that since the former husband and the parties' children had not resided in New York for five years, and John had resided in the state of Indiana with the former husband for at least six months, pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (hereinafter UCCJEA) (Domestic Relations Law § 75-a *et seq.*), the former wife's motion should be denied without prejudice to her seeking such relief in the state of Indiana. With respect to the former wife's claim concerning the marital debt, which the court apparently denied, on forum non conveniens grounds (*see* CPLR 327 [a]), the court stated that it was "integral" that one court hear the "full picture," since that claim could not be determined without first resolving custody and visitation. On appeal, the former wife does not challenge the portion of the court's determination relating to custody and visitation issues.

Because neither party raised the issue of forum non conveniens, and the court overlooked New York's extensive ties to the matter (the former wife is a New York resident, the marital home was in New York, the claim at issue accrued under a stipulation entered into in New York, and the marital debt at issue accrued in New York), the court's denial of that branch of the motion which was, in effect, to enforce the provisions of the judgment of divorce concerning certain marital debt, without prejudice to the former wife moving for that relief in the courts of the state of Indiana, was an improvident exercise of its discretion (*see* CPLR 302 [b]; 327 [a]; *VSL Corp. v Dunes Hotels & Casinos*, 70 NY2d 948 [1988]; *Rowe v Eli Lilly & Co.*, 238 AD2d 209 [1997]; *cf. Carr v Integon Gen. Ins. Corp.*, 185 AD2d 831, 832 [1992]).

The former wife's remaining contentions are without merit. Adams, J.P., Goldstein, Fisher and Lifson, JJ., concur.