■ DOUGLAS G. BRINSON, Respondent, v CHRYSLER FINANCIAL, Defendant, and DAIMLERCHRYSLER, Appellant. [842 NYS2d 48]—

In an action, inter alia, to recover damages for personal injuries, the defendant DaimlerChrysler appeals from an order of the Supreme Court, Richmond County (McMahon, J.), dated July 11, 2006, which denied its motion pursuant to CPLR 327 to dismiss the complaint on the ground of forum non conveniens.

Ordered that the order is reversed, on the facts and in the

exercise of discretion, without costs or disbursements, the motion pursuant to CPLR 327 to dismiss the complaint on the ground of forum non conveniens is granted on condition that within 30 days after service upon them of a copy of this decision and order, the defendants stipulate (1) to accept service of process in a new action in the state of North Carolina upon the same causes of action as those asserted in the instant complaint and waive any objection to personal jurisdiction in that new action, and (2) to waive any defense of the statute of limitations not available in New York at the time of the commencement of this action, all provided that the new action is commenced within 30 days after service of the stipulation upon the plaintiff; in the event that the defendants fail to so stipulate, then the order is affirmed, without costs or disbursements.

The plaintiff was involved in a single-vehicle accident in North Carolina while operating a vehicle purchased and registered in North Carolina. He produced a North Carolina driver's license following the accident and gave a North Carolina address to the police who responded to the scene. He thereafter executed a written statement listing his "Address" as a location in North Carolina and his "Business Address" as a location in Staten Island, New York, and admitting that his "eyes got drowsy" while he was driving. The plaintiff received medical treatment in North Carolina. Moreover, the subject vehicle was towed from the scene by a North Carolina towing company, was brought to a North Carolina auto repair facility for inspection and repair, and eventually was sold at auction in North Carolina. In addition, shortly after the accident, the plaintiff purchased another vehicle in North Carolina, listing a North Carolina address for himself on the purchase contract.

Thereafter, the plaintiff commenced this action in Richmond County, New York, alleging, inter alia, that he was a resident of that county and that the accident was caused by a defect in the vehicle. The appellant moved to dismiss the complaint on the ground of forum non conveniens, contending that North Carolina clearly was a more convenient forum than New York, and producing the affidavits of 11 witnesses, including police personnel, emergency service workers, physicians, and automobile transporters and repairers, all of whom resided in North Carolina and indicated that traveling to New York for a trial would constitute a hardship in terms of time, expense, and inconvenience. The appellant further demonstrated that the testimony of several of these witnesses was essential to its ability to properly defend the action. The plaintiff opposed the motion with conclusory assertions that he was a New York resident,

that he operated a business in New York, and that unspecified injuries he suffered in the accident would make travel to North Carolina for trial a hardship for him. The plaintiff did not provide any specific information regarding his New York residence and business, nor did he describe his alleged injuries or submit any medical evidence as to their nature and extent. He similarly did not identify any nonparty witnesses who resided in New York. The Supreme Court denied the appellant's motion, noting only that "New York is the residence of the plaintiff." We reverse.

A motion to dismiss pursuant to CPLR 327 (a) on the ground of forum non conveniens is addressed to the sound discretion of the trial court, and the court's determination will not be set aside absent an improvident exercise of that discretion or a failure to consider the relevant factors (*see National Bank & Trust Co. of N. Am. v Banco De Vizcaya,* 72 NY2d 1005 [1988], *cert denied* 489 US 1067 [1989]; *H & J Blits v Blits,* 65 NY2d 1014 [1985]). Among the factors to be considered by the court are the burden on the New York court, the residence of the parties, the place where the accident occurred, the location of evidence and nonparty witnesses, the potential hardship to the defendants, and the availability of an alternative forum, with no one factor being dispositive (*see Islamic Republic of Iran v Pahlavi,* 62 NY2d 474 [1984], *cert denied* 469 US 1108 [1985]; *Sarfaty v Rainbow Helicopters,* 221 AD2d 618 [1995]).

Given the questionable dual residency of the plaintiff, the action's marginal nexus to New York, the presence of numerous essential nonparty witnesses in North Carolina, and the plaintiff's conclusory opposition papers, the Supreme Court improvidently exercised its discretion in denying the motion (*see Cheggour v R'Kiki,* 293 AD2d 507 [2002]; *Seung-Min Oh v Gelco Corp.,* 257 AD2d 385 [1999]; *Dawson v Seenardine,* 232 AD2d 521 [1996]; *Carr v Integon Gen. Ins. Corp.,* 185 AD2d 831 [1992]; *Evdokias v Oppenheimer,* 123 AD2d 598 [1986]; *Crowley v Guardsmark, Inc.,* 64 AD2d 593 [1978]; *Dahl v Gardner,* 49 AD2d 861 [1975]). However, in order to assure the availability of a North Carolina forum for the action, our reversal and granting of the motion is conditioned on the defendants stipulating to waive jurisdictional and statute of limitations defenses as indicated. Spolzino, J.P., Krausman, Angiolillo and McCarthy, JJ., concur.