TIGER SOURCING (HK) LIMITED, Appellant, v GMAC COMMERCIAL FINANCE CORPORATION-CANADA et al., Respondents. [887 NYS2d 652]—

In an action, inter alia, to recover damages for conversion, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), entered January 16, 2009, as granted that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 327 (a).

Ordered that order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff, a Hong Kong corporation, commenced this action against the defendants, GMAC Commercial Finance Corporation-Canada, a Canadian corporation with offices in New York and Michigan (hereinafter the Canadian corporation), and SummitBridge National Investments, LLC, a Delaware limited liability company with offices in Colorado. The plaintiff alleged that the defendants converted funds belonging to it by breaching the parties' subordination agreement, which was not executed in New York, and the terms of which were to be interpreted and enforced pursuant to the laws of the Province of Ontario. The subordination agreement outlined the priority of certain liens maintained by the parties against the assets of a nonparty corporation, which had an office in White Plains.

When the nonparty corporation defaulted on its obligations to the Canadian corporation, a notice of default was sent by the Canadian corporation to the nonparty corporation's office in White Plains. Through the White Plains office, the plaintiff received notice of the default. The plaintiff and the Canadian corporation used the White Plains office of the nonparty corporation as a means to send and receive notices prior to the issuance of the default notice.

The bankruptcy of the nonparty corporation and the disposition of its assets had been the subject of litigation in the Ontario Superior Court of Justice, Commercial List, prior to the plaintiff commencing this action.

The defendants moved to dismiss the complaint pursuant to, inter alia, CPLR 327 (a). The Supreme Court granted that branch of the motion which was to dismiss the complaint pursuant to CPLR 327 (a), and the plaintiff appeals. We affirm.

CPLR 327 "permits a court to stay or dismiss such actions where it is determined that the action, although jurisdictionally sound, would be better adjudicated elsewhere" (*Islamic Republic of Iran v Pahlavi,* 62 NY2d 474, 478-479 [1984], *cert denied* 469 US 1108 [1985]). The defendant bears the burden in a motion to dismiss on the ground of forum non conveniens to "demonstrate relevant private or public interest factors which militate against accepting the litigation" (*id.* at 479). On such a motion, the Supreme Court is to weigh the parties' residencies, the location of the witnesses and any hardship caused by the choice of forum, the availability of an alternative forum, the situs of the action, and the burden on the New York court system (*see Prestige Brands, Inc. v Hogan & Hartson, LLP,* 65 AD3d 1028 [2009]; *Turay v Beam Bros. Trucking, Inc.,* 61 AD3d 964, 966 [2009]). No one factor is dispositive (*see Turay v Beam Bros. Trucking, Inc.,* 61 AD3d at 966; *Brinson v Chrysler Fin.,* 43 AD3d 846, 848 [2007]). The Supreme Court's determination should not be disturbed unless the court improvidently exercised its discretion or failed to consider the relevant factors (*see Smolik v Turner Constr. Co.,* 48 AD3d 452, 453-454 [2008]; *Brinson v Chrysler Fin.,* 43 AD3d at 848).

Under the circumstances of this case, the Supreme Court providently exercised its discretion in granting that branch of the defendants' joint motion which was to dismiss the complaint on the ground of forum non conveniens (*see Islamic Republic of Iran v Pahlavi,* 62 NY2d 474 [1984]; *Prestige Brands, Inc. v Hogan & Hartson, LLP,* 65 AD3d 1028 [2009]; *Turay v Beam Bros. Trucking, Inc.,* 61 AD3d 964 [2009]; *Smolik v Turner Constr. Co.,* 48 AD3d 452 [2008]; *Stravalle v Land Cargo, Inc.,*

39 AD3d 735, 736 [2007]). Dillon, J.P., Florio, Belen and Roman, JJ., concur.