■ MICHAEL McGUIRE, Appellant, v W.R. SCHMIDT, LLC, et al., Respondents. [903 NYS2d 918]—In an action, inter alia, to recover damages for breach of a real estate sales and residential construction contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Driscoll, J.), entered September 4, 2009, as granted that branch of the defendants' motion which was pursuant to CPLR 327 (a) to dismiss the complaint on the ground of forum non conveniens.

Ordered that the order is affirmed insofar as appealed from, with costs.

A motion to dismiss pursuant to CPLR 327 (a) on the ground of forum non conveniens is addressed to the sound discretion of the trial court, and the resulting determination will not be set aside absent an improvident exercise of that discretion or a failure by the court to consider the relevant factors (see *National Bank & Trust Co. of N. Am. v Banco De Vizcaya*, 72 NY2d 1005 [1988], *cert denied* 489 US 1067 [1989]; *H & J Blits v Blits*, 65 NY2d 1014 [1985]; *Brinson v Chrysler Fin.*, 43 AD3d 846 [2007]). The factors to be considered on the motion include the residence of the parties, the burden on the New York court, the jurisdiction where the underlying acts occurred, the location of evidence and nonparty witnesses, the potential hardship to the defendants, and the availability of an alternative forum, with no one factor being dispositive (see *Islamic Republic of Iran v Pahlavi*, 62 NY2d 474 [1984], *cert denied* 469 US 1108 [1985]; *Brinson v Chrysler Fin.*, 43 AD3d 846 [2007]).

Contrary to the plaintiff's contention, the Supreme Court appropriately considered all of the relevant factors in this case and properly determined that the complaint should be dismissed on the ground of forum non conveniens (see e.g. *Smolik v Turner Constr. Co.*, 48 AD3d 452 [2008]; *Stamm v Deloitte & Touche*, 202 AD2d 413 [1994]). Mastro, J.P., Florio, Belen and Chambers, JJ., concur.