■ YUN RA, Appellant, v HERB WIDROW, Respondent. [918 NYS2d 737]—

A motion to dismiss pursuant to CPLR 327 (a) on the ground of forum non conveniens is addressed to the sound discretion of the Supreme Court, and the resulting determination will not be set aside absent an improvident exercise of that discretion or a failure by the Supreme Court to consider the relevant factors (see *National Bank & Trust Co. of N. Am. v Banco De Vizcaya*, 72 NY2d 1005 [1988], *cert denied* 489 US 1067 [1989]; *H & J Blits v Blits*, 65 NY2d 1014 [1985]; *Brinson v Chrysler Fin.*, 43 AD3d 846 [2007]). The factors to be considered on the motion include the residence of the parties, the burden on the New York court, the jurisdiction where the underlying acts occurred, the location of evidence and nonparty witnesses, the potential hardship to the defendants, and the availability of an alternative forum, with no one factor being dispositive (see *Islamic Republic of Iran v Pahlavi*, 62 NY2d 474 [1984], *cert denied* 469 US 1108 [1985]; *Brinson v Chrysler Fin.*, 43 AD3d 846 [2007]).

Contrary to the plaintiff's contention, the record shows that the Supreme Court appropriately considered all of the relevant factors in this case. Therefore, the Supreme Court providently exercised its discretion in dismissing the complaint on the ground of forum non conveniens (see e.g. *Smolik v Turner Constr. Co.*, 48 AD3d 452 [2008]; *Stamm v Deloitte & Touche*, 202 AD2d 413 [1994]).

In view of the foregoing, we do not reach the plaintiff's remaining contentions. Dillon, J.P., Leventhal, Belen, Austin and Cohen, JJ., concur.