◼ Selim Koskar et al., Respondents, v Ford Motor Company et al., Defendants, and Sail Trans Corp., Appellant. [923 NYS2d 901]—

In a consolidated action, inter alia, to recover damages for personal injuries, the defendant Sail Trans Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated December 18, 2009, as denied that branch of its motion which was to dismiss the complaint insofar as asserted against it on the ground of forum non conveniens pursuant to CPLR 327 (a).

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The doctrine of forum non conveniens permits a court to stay or dismiss an action when, although it may have jurisdiction

over a claim, the court determines that "in the interest of substantial justice the action should be heard in another forum" (CPLR 327 [a]). The defendant bears the burden on a motion to dismiss on the ground of forum non conveniens to "demonstrate relevant private or public interest factors which militate against accepting the litigation" (*Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 479 [1984], *cert denied* 469 US 1108 [1985]). "On such a motion, the Supreme Court is to weigh the parties' residencies, the location of the witnesses and any hardship caused by the choice of forum, the availability of an alternative forum, the situs of the action, and the burden on the New York court system" (*Tiger Sourcing [HK] Ltd. v GMAC Commercial Fin. Corporation-Can.*, 66 AD3d 1002, 1003 [2009]; *see Prestige Brands, Inc. v Hogan & Hartson, LLP*, 65 AD3d 1028 [2009]; *Turay v Beam Bros. Trucking, Inc.*, 61 AD3d 964, 966 [2009]). No one factor is dispositive (*see Turay v Beam Bros. Trucking, Inc.*, 61 AD3d at 966; *Brinson v Chrysler Fin.*, 43 AD3d 846, 848 [2007]). The Supreme Court's determination should not be disturbed unless the court improvidently exercised its discretion or failed to consider the relevant factors (*see Smolik v Turner Constr. Co.*, 48 AD3d 452, 453-454 [2008]; *Brinson v Chrysler Fin.*, 43 AD3d at 848).

Here, the defendant Sail Trans Corp. failed to meet its burden of establishing that New York is an inconvenient forum for this consolidated action. Thus, the Supreme Court's determination denying that branch of its motion which was to dismiss the complaint insofar as asserted against it on the ground of forum non conveniens was not an improvident exercise of discretion (*see Islamic Republic of Iran v Pahlavi*, 62 NY2d 474 [1984]; *Salzstein v Salzstein*, 70 AD3d 806 [2010]; *Prestige Brands, Inc. v Hogan & Hartson, LLP*, 65 AD3d 1028 [2009]).

That branch of the appellant's motion which was to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (4) was not addressed by the Supreme Court and, thus, remains pending and undecided (*see Katz v Katz*, 68 AD2d 536, 542-543 [1979]). Dillon, J.P., Belen, Sgroi and Miller, JJ., concur.