In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Walker, J.), entered September 21, 2011, which granted the defendant’s motion to dismiss the action on the ground of forum non conveniens pursuant to CPLR 327 (a).
Ordered that the order is modified, on the facts and in the exercise of discretion, by adding a provision thereto conditioning the grant of the defendant’s motion on the defendant stipulating (1) to accept service of process in a new action commenced by the plaintiffs in the United Kingdom, France, or the United Arab Emirates upon the same causes of action as those asserted in the instant complaint, or, in the alternative, at the choice of the individual plaintiffs, to accept service of process in a new action or actions commenced separately by the plaintiffs in the United Kingdom, France, or the United Arab Emirates upon the same causes of action as those asserted separately on behalf of the individual plaintiffs in the instant complaint, and (2) to waive any defenses, including that of the statute of limitations, which were not available in New York at the time of the commencement of this action, all provided that the new action *939 or actions are commenced within 90 days after service of the stipulation upon the plaintiffs; as so modified, the order is affirmed, with costs payable to the defendant; in the event that the defendant fails to so stipulate within 60 days after service upon it of a copy of this decision and order, then the order is reversed, on the facts and in the exercise of discretion, with costs payable to the plaintiffs, and the motion is denied.
The doctrine of forum non conveniens permits a court to stay or dismiss an action when, although it may have jurisdiction over a claim, the court determines that “in the interest of substantial justice the action should be heard in another forum” (CPLR 327 [a]; see Koskar v Ford Motor Co., 84 AD3d 1317, 1317-1318 [2011]). A defendant bears the burden on a motion to dismiss on the ground of forum non conveniens to “demonstrate relevant private or public interest factors which militate against accepting the litigation” (Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 479 [1984], cert denied 469 US 1108 [1985]; Koskar v Ford Motor Co., 84 AD3d at 1318 ). “On such a motion, the Supreme Court is to weigh the parties’ residencies, the location of the witnesses and any hardship caused by the choice of forum, the availability of an alternative forum, the situs of the action, and the burden on the New York court system” (Tiger Sourcing [HK] Ltd. v GMAC Commercial Fin. Corporation-Can., 66 AD3d 1002, 1003 [2009]; see Koskar v Ford Motor Co., 84 AD3d at 1318). “No one factor is dispositive” (Tiger Sourcing [HK] Ltd. v GMAC Commercial Fin. Corporation-Can., 66 AD3d at 1003; see Islamic Republic of Iran v Pahlavi, 62 NY2d at 479). “The Supreme Court’s determination should not be disturbed unless the court improvidently exercised its discretion or failed to consider the relevant factors” (Koskar v Ford Motor Co., 84 AD3d at 1318; see Islamic Republic of Iran v Pahlavi, 62 NY2d at 479).
Here, the plaintiff Thomas Boyle is a resident of the United Kingdom, and the plaintiff Elodie Nogues is resident of France. The complaint alleges that Boyle and Nogues contracted Legionnaire’s disease during separate stays at a hotel located in Dubai, United Arab Emirates, which is owned by the defendant. The complaint seeks to recover damages under theories of breach of contract and negligence, and asserts a derivative cause of action on behalf of Thomas Boyle’s wife, the plaintiff Catherine Boyle, who is also a resident of the United Kingdom. The defendant is a Maryland corporation and is alleged to have its principal place of business in White Plains, the sole connection in this case to the State of New York. Under the circumstances of this case, the Supreme Court, considering all of the relevant and appropri *940 ate factors, providently exercised its discretion in granting the defendant’s motion to dismiss the action on the ground of forum non conveniens pursuant to CPLR 327 (a) (see Koskar v Ford Motor Co., 84 AD3d at 1318; Tiger Sourcing [HR] Ltd. v GMAC Commercial Fin. Corporation-Can., 66 AD3d at 1003).
However, in order to assure the availability of a forum for the action, the dismissal must be conditioned upon the defendant stipulating to waive jurisdictional and statute of limitations defenses in the United Kingdom, France, and the United Arab Emirates, as indicated herein (see CPLR 327 [a]; Turay v Beam Bros. Trucking, Inc., 61 AD3d 964, 967 [2009]). Dillon, J.P., Chambers and Roman, JJ., concur.