In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Fusco, J.), entered March 18, 2013, which granted the defendant’s motion to dismiss the complaint pursuant to CPLR 327 (a) on the ground of forum non conveniens.
Ordered that the order is modified, on the facts and in the exercise of discretion, by adding a provision thereto condition *673 ing the grant of the defendant’s motion on the defendant stipulating (1) to accept service of process in a new action commenced by the plaintiff in Canada upon the same causes of action as those asserted in the instant complaint, and (2) to waive any defenses, including that of the statute of limitations, which were not available in New York at the time of the commencement of this action, all provided that the new action is commenced within 60 days after service of the stipulation upon the plaintiff; as so modified, the order is affirmed, with costs payable to the defendant, and in the event that the defendant fails to so stipulate within 30 days after service upon him of a copy of this decision and order, then the order is reversed, on the facts and in the exercise of discretion, with costs payable to the plaintiff, and the motion is denied.
The plaintiff is a Canadian resident who is employed as a hunting guide in Saskatchewan, Canada. The defendant is a resident of Richmond County, New York. The plaintiff alleged that, while he was acting as the defendant’s guide on a hunting trip in Saskatchewan, the defendant accidently shot him. The plaintiff commenced this action in Richmond County seeking to recover damages for injuries that he allegedly sustained as a result of the shooting. The Supreme Court granted the defendant’s motion to dismiss the complaint pursuant to CPLR 327 (a) on the ground of forum non conveniens.
The doctrine of forum non conveniens permits a court to stay or dismiss an action when, although it may have jurisdiction over the action, the court determines that “in the interest of substantial justice the action should be heard in another forum” (CPLR 327 [a]; see Koskar v Ford Motor Co., 84 AD3d 1317, 1317-1318 [2011]; Sarfaty v Rainbow Helicopters, 221 AD2d 618, 618-619 [1995]). On a motion to dismiss the complaint on the ground of forum non conveniens, the defendant bears the burden of demonstrating “relevant private or public interest factors which militate against accepting the litigation” (Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 479 [1984], cert denied 469 US 1108 [1985]; see Koskar v Ford Motor Co., 84 AD3d at 1318). “On such a motion, the Supreme Court is to weigh the parties’ residencies, the location of the witnesses and any hardship caused by the choice of forum, the availability of an alternative forum, the situs of the action, and the burden on the New York court system” (Tiger Sourcing [HK] Ltd. v GMAC Commercial Fin. Corporation-Can., 66 AD3d 1002, 1003 [2009]; see Koskar v Ford Motor Co., 84 AD3d at 1318). “No one factor is dispositive” (Tiger Sourcing [HK] Ltd. v GMAC Commercial Fin. Corporation-Can., 66 AD3d at 1003; see Islamic Republic of *674 Iran v Pahlavi, 62 NY2d at 479). “The Supreme Court’s determination should not be disturbed unless the court improvidently exercised its discretion or failed to consider the relevant factors” (Koskar v Ford Motor Co., 84 AD3d at 1318; see Islamic Republic of Iran v Pahlavi, 62 NY2d at 479).
Here, the plaintiff is a resident of Canada and the defendant is a resident of Richmond County. The incident complained of occurred in Canada. The location of the defendant’s residence is the sole connection in this case to the State of New York. Under the circumstances of this case and considering all of the relevant factors, including the fact that many of the witnesses, including law enforcement officials, emergency responders, medical personnel, and the owner of the hunting lodge who assigned the plaintiff to act as a hunting guide, are in Canada, the Supreme Court providently exercised its discretion in granting the defendant’s motion to dismiss the complaint pursuant to CPLR 327 (a) on the ground of forum non conveniens (see Boyle v Starwood Hotels & Resorts Worldwide, Inc., 110 AD3d 938 [2013]; Koskar v Ford Motor Co., 84 AD3d at 1318; Tiger Sourcing [HK] Ltd. v GMAC Commercial Fin. Corporation-Can., 66 AD3d at 1003). However, in order to assure the availability of a forum for the action, the Supreme Court’s dismissal should have been conditioned on the defendant’s stipulation to the waiver of jurisdictional and statute of limitations defenses as indicated herein (see Boyle v Starwood Hotels & Resorts Worldwide, Inc., 110 AD3d at 938-939). Rivera, J.E, Lott, Roman and Cohen, JJ., concur.