Swissgem S.A. v M&B Ltd. (2021 NY Slip Op 02122)





Swissgem S.A. v M&B Ltd.


2021 NY Slip Op 02122


Decided on April 06, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 06, 2021

Before: Renwick, J.P., Kennedy, Scarpulla, Shulman, JJ. 


Index No. 654225/19 Appeal No. 13538 Case No. 2020-02676 

[*1] Swissgem S.A., et al., Plaintiffs-Appellants,
v
M&B Limited, Defendant-Respondent.


Fleischner Potash LLP, Mineola (Evan A. Richman of counsel), for appellants.
Miller Leiby & Associates, P.C., New York (Doron Leiby of counsel), for respondent.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered on or about May 4, 2020, which, to the extent appealed from as limited by the briefs, granted defendant's motion to dismiss the complaint on forum non conveniens grounds on condition that defendant accept service of process of an action to proceed in Hong Kong, and ordered the diamond at issue (Diamond) to remain in the possession of the Gemological Institute of America (GIA) in New York pending a stipulation of the parties or the direction of the Hong Kong court, unanimously modified, on the law and the facts and in the exercise of discretion, to direct that this action proceed in Switzerland or Hong Kong, at plaintiffs' option, and on condition of defendant's acceptance of service of the action once commenced in plaintiffs' choice of forum, and to direct that the Diamond remain in GIA's possession pending stipulation of the parties or the direction of either the Hong Kong or the Swiss court, and otherwise affirmed, without costs.
Although a plaintiff's choice of forum should rarely be disturbed even when the plaintiff is not a New York resident (OrthoTec, LLC v Healthpoint Capital, LLC, 84 AD3d 702 [1st Dept 2011]), the motion court providently dismissed the complaint on forum non conveniens grounds, given the weak connection of this dispute to New York (see generally Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 479 [1984], cert denied 469 US 1108 [1985]). The record before us does not definitively show whether defendant sent the Diamond to be graded by GIA in New York. Nor did plaintiffs show that the continued retention of the Diamond by GIA in New York would justify keeping the case in New York (see Anagnostou v Stifel, 204 AD2d 61 [1st Dept 1994]; Republic of Lebanon v Sotheby's, 167 AD2d 142 [1st Dept 1990]).
On this record, both Hong Kong and Switzerland are adequate alternative forums with Switzerland being the preferred one and dismissal shall be conditioned upon defendant accepting service of process in either Hong Kong or Switzerland, exclusively "at plaintiffs' option" (Al Nyman & Son v United States Lines, 44 AD2d 516, 516 [1st Dept 1974]; see also Kuwaiti Eng'g Group v Consortium of Intl. Consultants, LLC, 50 AD3d 599, 600 [1st Dept 2008]; Boyle v Starwood Hotels & Resorts Worldwide, Inc., 110 AD3d 938, 940 [2d Dept 2013], affd 23 NY3d 1012 [2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 6, 2021