■ In the Matter of NEW YORK COUNTY DES LITIGATION. TERRI L. D. GODFREY, Appellant, v ELI LILLY & Co. et al., Respondents. THERESA U. LOWE, Appellant, v ELI LILLY & Co. et al., Respondents. CHRISTINE G. BECKMANN, Appellant, v ELI LILLY & Co. et al., Respondents. [636 NYS2d 338] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered on or about March 10, 1995, which granted defendants' motion for summary judgment dismissing the complaint in the Godfrey action, and order of the same court and Justice,

entered March 6, 1995, which granted defendants' motions for summary judgment dismissing the complaints in the Lowe and Beckmann actions, unanimously affirmed, without costs.

These three actions were commenced by foreign residents whose exposures to DES occurred in foreign States. None of the plaintiffs are able to identify specifically the manufacturers or suppliers of the DES which allegedly caused their injuries. Indeed, New York's connection to these actions is tenuous, at best. Under these circumstances, the substantive laws of the respective foreign States are applicable (*see, Schultz v Boy Scouts*, 65 NY2d 189; *Neumeier v Kuehner*, 31 NY2d 121, 128). Contrary to plaintiffs' assertions, the Court of Appeals in *Hymowitz v Eli Lilly & Co.* (73 NY2d 487, *cert denied* 493 US 944) did not conclude or imply that New York law should be applied in all DES cases litigated in this State.

The substantive laws of the foreign States at issue here do not recognize non-identification theories of liability in products liability cases such as these, and therefore the complaints must be dismissed (*see, e.g., Chapman v American Cyanamid Co.*, 861 F2d 1515, 1520 [11th Cir 1988]; *Mulcahy v Eli Lilly & Co.*, 386 NW2d 67 [Iowa 1986]; *Zafft v Eli Lilly & Co.*, 676 SW2d 241 [Mo 1984]). Under the circumstances, it would be improper and presumptuous for the courts of this State to expand the theories of products liability recognized by foreign States (*see, Tidler v Eli Lilly & Co.*, 851 F2d 418, 424).

We have considered plaintiffs' other claims and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Rubin, Nardelli and Mazzarelli, JJ.