[747 NYS2d 863]

JUDITH S. ARMATA et al., Respondents, et al., Plaintiff, v
ABBOTT LABORATORIES et al., Appellants, et al., Defendants.

Fourth Department, October 1, 2002

**APPEARANCES OF COUNSEL**

*Harter, Secrest & Emery, LLP,* Rochester, *Gilbride, Tusa,
Last & Spellana, LLC,* Greenwich, Connecticut, *Hodgson Russ*

*LLP,* Buffalo, *Pitney, Hardin, Kipp & Szuch LLP,* Morristown, New Jersey, *Phillips, Lytle, Hitchcock, Blaine & Huber LLP,* Buffalo, *Sedgwick, Detert, Moran & Arnold,* New York City, *Goodwin Proctor LLP,* Boston, Massachusetts (*Richard A. Oetheimer,* of the Massachusetts Bar, Admitted Pro Hac Vice, of counsel), for The Abbott Laboratories and others, appellants.

*Walsh, Roberts & Grace,* Buffalo (*James R. Walsh* of counsel), for Merck & Co., Inc., appellant.

*Allen & Lippes,* Buffalo (*Christopher M. Duggan* of counsel), for respondents.

## OPINION OF THE COURT

BURNS, J.

Plaintiffs commenced this action in New York alleging that they sustained injuries resulting from their in utero exposure to diethylstilbestrol (DES). Plaintiffs Judith Shepherd Armata, Kathleen Anna Maffa-Krailo and Marianne Margaret Alberigi (collectively, Massachusetts plaintiffs) were born in and are residents of the Commonwealth of Massachusetts and another plaintiff, Lorraine Allison Therrien, was born in and is a resident of Connecticut. As we recognized in a prior appeal, the parties have conceded that Massachusetts substantive law is applicable to the claims of the Massachusetts plaintiffs (*Armata v Abbott Labs.,* 284 AD2d 911). Supreme Court previously denied those parts of the motion and cross motions of The Abbott Laboratories, Dart Industries, Inc., previously known as Rexall Drug Company, Inc., Eli Lilly and Company, S.E. Massengill, now known as SmithKline Beecham Corp., Merck & Co., Inc., E.R. Squibb & Sons, Inc. and The Upjohn Company (defendants) seeking to dismiss the claims of the Massachusetts plaintiffs, which included nonidentification theories of liability. In the prior appeal by plaintiffs, we noted that the court denied the motion and cross motions with respect to the nonidentification theories of liability "on the ground that the law in Massachusetts concerning the viability of those theories of liability remains unsettled" (*id.* at 911). Defendants now appeal from an order denying their cross motion seeking renewal of those parts of their motion and cross motions for summary judgment dismissing the claims of the Massachusetts plaintiffs.

The law in Massachusetts remains unsettled on the issue whether its courts recognize nonidentification theories of liability, including the market share theory of liability. We conclude that, without a clear indication from its appellate courts whether such theories of liability are recognized, we

should not expand the law therein to allow the Massachusetts plaintiffs to allege such theories. We therefore conclude that defendants' cross motion should have been granted to the extent that the Massachusetts plaintiffs allege nonidentification theories of liability.

In *Payton v Abbott Labs* (386 Mass 540, 570, 437 NE2d 171, 188 [1982]), a certified question of law was submitted to the Massachusetts Supreme Judicial Court asking whether market share liability was a viable theory of recovery in Massachusetts. Noting that the "[i]dentification of the party responsible for causing injury to another is a longstanding prerequisite to a successful negligence action," the court rejected the market share theory of liability proposed by the plaintiffs therein (*id.*, 386 Mass at 571, 437 NE2d at 188). However, the court did not reject market share liability in its entirety and went on to state:

> "That is not to say that on an adequate record this court would not recognize some relaxation of the traditional identification requirement in appropriate circumstances so as to allow recovery against a negligent defendant of that portion of a plaintiff's damages which is represented by that defendant's contribution of DES to the market in the relevant period of time" (*id.*, 386 Mass at 574, 437 NE2d at 190).

In the 20 years since *Payton*, however, no state appellate court in Massachusetts has endorsed market share liability or any other nonidentification theory of liability. The issue has been addressed by the United States District Court for the District of Massachusetts in four cases, spanning 16 years. In the earliest of those cases, the court adopted the market share theory of liability, reducing the plaintiff's burden to proving only that the defendant produced or marketed the same type of DES ingested by the plaintiff's mother, as "distinguished by color, shape, size or markings" (*McCormack v Abbott Labs.*, 617 F Supp 1521, 1526 [1985]). In two subsequent cases, however, the District Court Judges refused to recognize the market share theory of liability (*Mills v Allegiance Healthcare Corp.*, 178 F Supp 2d 1, 8-9 [2001]; *Gurski v Wyeth-Ayerst Div. of Am. Home Prods. Corp.*, 953 F Supp 412, 418-419 [1997]). In the fourth case, the court concluded that "the Massachusetts Supreme Judicial Court would not adopt the theory of alternative liability" (i.e., a nonidentification theory of liability) and

concluded that, in any event, the plaintiffs did not satisfy the requirements of that theory (*Spencer v Baxter Intl., Inc.,* 163 F Supp 2d 74, 81 [2001]). The court wrote that, "[u]nder Massachusetts law, plaintiffs generally must identify the specific defendant responsible for an actionable harm" (*id.* at 77-78). In addition, the state trial courts in Massachusetts have been similarly inconsistent with respect to this issue (*compare Domestic Loan & Inv. Bank v Ernst,* 1996 WL 680080, *3, 1996 Mass Super LEXIS 113, *9-10 [Mass Super Ct, Nov. 21, 1996], *with Russo v Material Handling Specialities Co.,* 1995 WL 1146853, *6, 1995 Mass Super LEXIS 436, *15-16 [Mass Super Ct, Aug. 29, 1995], *and Mahar v Hanover House Indus., Inc.,* 1995 WL 1146188, *2, 1995 Mass Super LEXIS 1, *3 [Mass Super Ct, Dec. 12, 1995]). Therefore, the court herein properly concluded that Massachusetts law remains unsettled on the issue whether Massachusetts courts recognize nonidentification theories of liability (*see e.g. Christopher v Duffy,* 28 Mass App Ct 780, 783 n 7, 556 NE2d 121, 123 n 7). In view thereof, we conclude that "it would be improper and presumptuous for the courts of this State to expand the theories of products liability recognized" by state appellate courts in Massachusetts (*Matter of New York County DES Litig.,* 223 AD2d 427, 428, *lv denied* 88 NY2d 801).

Accordingly, the order should be modified by granting defendants' cross motion in part and dismissing the claims of the Massachusetts plaintiffs asserting nonidentification theories of liability.

GREEN, J.P., WISNER, SCUDDER and GORSKI, JJ., concur.

Ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the cross motion of defendants The Abbott Laboratories, Dart Industries, Inc., previously known as Rexall Drug Company, Inc., Eli Lilly and Company, S.E. Massengill, now known as SmithKline Beecham Corp., Merck & Co., Inc., E.R. Squibb & Sons, Inc. and The Upjohn Company in part and dismissing the claims of plaintiffs Judith Shepherd Armata, Kathleen Anna Maffa-Krailo and Marianne Margaret Alberigi asserting nonidentification theories of liability and as modified the order is affirmed without costs.