Wachtler, J.
On December 20, 1970 the plaintiff, Lisa Martin, was a passenger in an automobile owned and operated by the defendant, Erna Mieth. Both were, and still are, residents of Toronto, Canada. They were traveling on Route 60 in Chautauqua County when for reasons unexplained the vehicle left the public roadway, overturned and came to a halt on the front lawn of one William Penhollow. The plaintiff sustained serious injuries including multiple fractures of the. cervical spine and was rushed from the scene to the Buffalo General Hospital.
Shortly thereafter, the plaintiff commenced this personal injury action in the Supreme Court, New York County. Jurisdiction over the defendant was duly obtained pursuant to the *416 nonresident motorist statute (Vehicle and Traffic Law, § 253). The defendant contending that there was no substantial nexus between the action and this State, moved for an order dismissing the complaint on the ground of forum non conveniens. (CPLR 3211, subd. [a], par. 2.) In opposition to that motion plaintiff’s counsel submitted an affidavit which asserted: that the accident occurred in New York and had been investigated by the New York State Police and that the plaintiff had been treated in a New York hospital and therefore, the police and hospital records were within the State and subject to subpoena by New York courts. Additionally, the affidavit asserted that the investigating officer and the treating physicians, as well as Mr. Penhollow, who was listed in the police report as a witness and characterized by the plaintiff as an “ important New York witness ”, would not be subject to subpoena in Canada.
Special Term relying on the factors enumerated in the affidavit of plaintiff’s counsel, denied the motion to dismiss.
Subsequently, the defendant moved for a change of venue from New York County to Chautauqua County. Defendant’s supporting affidavit argued that since the investigating officer, and the treating physicians and Mr. Penhollow lived in or near Chautauqua County the convenience of witnesses and the interests of justice would best be served by changing the place of trial to Chautauqua County.
In opposition to the change of venue motion plaintiff’s counsel submitted an affidavit substantially contradicting the one which he had submitted in connection with the previous motion. To establish that venue was properly laid, plaintiff’s counsel asserted, “ Nevertheless, the plaintiff will show that in fact, the necessity for these ‘ witnesses ’ to testify is completely illusory.” The affidavit went on to claim that Mr. Penhollow did not see the accident and that all Mr. Penhollow did was to call the State Police who arrived afterwards. “ Accordingly, except for the fortuitous circumstance that the defendant’s automobile ended up on Mr. Penhollow’s front lawn, there is nothing that, Mr. Penhollow knows that can be material to the trial of this Action.” The records and testimony of the State Police were also discounted by plaintiff’s counsel in this affidavit as not probative of any material fact. “ All that Mr. *417 Penhollow and Trooper Blumen can do is to confirm the fact that the defendant’s motor vehicle ended np in Mr. Penhollow’s front lawn which is not an issue.” The necessity of the testimony of the treating physicians was similarly deprecated in the affidavit. Since the plaintiff was subsequently hospitalized in Toronto and was presently under the care of Toronto physicians “ there is no need to require the testimony of any Buffalo physicians who treated her at the Buffalo General Hospital.”
Since no witnesses were necessary Special Term denied the venue motion.
The defendant appealed both the order denying the forum non conveniens motion and the order denying the venue motion. A majority at the Appellate Division affirmed both orders upon a memorandum which concluded that Special Term had not abused its discretion in denying the relief requested. The dissenting Justices focusing on the plaintiff’s conflicting affidavits noted that “ [i]t would be hard to visualize a more unabashed instance of forum shopping.”
This appeal is before our court by leave of the Appellate Division on a certified question of law (CPLR 5713). We interpret the certified question as applying to the Appellate Division’s affirmance of the denial of the forum non conveniens motion. In so doing we consider the entire record which was before the Appellate Division, including the inconsistent and contradictory affidavits of plaintiff’s counsel. Thus, the question raised is whether or not the motion to dismiss on the ground of forum non conveniens should have been denied as a matter of law.
We believe that the certified question should be answered in the negative. Forum non conveniens is an equitable doctrine whereby a court in its discretion may decline to exercise jurisdiction over a transitory cause of action upon considerations of justice, fairness and convenience. (Silver v. Great Amer. Ins. Co., 29 N Y 2d 356; Gulf Oil Corp. v. Gilbert, 330 U. S. 501; see, generally, Blair, The Doctrine of Forum Non Conveniens in Anglo-American Law, 29 Col. L. Rev. 1.) By traditional standards the mere occurrence of an accident within our borders might suffice to insure a New York forum (see de la Bouillierie v. de Vienne, 300 N. Y. 60; Robinson v. Oceanic Steam Nav. Co., *418 112 N. Y. 315; Creegan v. Sczykno, 24 A D 2d 756; Serralles v. Viaders, 285 App. Div. 947). However, these rigid standards have been superseded by more flexible analysis (see Silver v. Great Amer. Ins. Co., 29 N Y 2d 356, supra; Bata v. Bata, 304 N. Y. 51; Hernandez v. Cali, Inc., 32 A D 2d 192, affd. 27 N Y 2d 903; Vaage v. Lewis, 29 A D 2d 315; Survey of New York Practice, 46 St. John’s L. Rev. 588). Thus, in Silver, to counterbalance the expansion of long-arm jurisdiction, we relaxed the principle requiring New York courts to accept jurisdiction when one of the parties was a resident (Silver v. Great Amer. Ins. Co., 29 N Y 2d, at p. 362, supra). A parity of reasoning' dictates that forum non conveniens be available even though the accident occurs in this State.
Since the touchstone of forum non conveniens is flexibility, our courts need not entertain causes of action lacking a substantial nexus with New York (Silver v. Great Amer. Ins. Co., 29 N Y 2d 356, 361 supra; Varkonyi v. Varig, 22 N Y 2d 333, 337). When the plaintiff’s two affidavits are considered jointly it becomes apparent that the latter contradicts the former and negatives all connections with New York except the adventitious circumstance that the accident occurred here. That happenstance alone does not constitute a substantial nexus so as to mandate the retention of jurisdiction and on the facts that are not self-contradicted there would be no rational 'basis for a discretionary retention of jurisdiction.
Accordingly, the order of the Appellate Division, insofar as appealed from, affirming the denial of defendant’s motion to dismiss on the ground of forum non conveniens, should be reversed and the complaint dismissed, on condition that within 10 days from the date hereof defendant stipulates to accept service of process in Canada and to appear in an action to be commenced in Canada for the same relief demanded in the complaint herein and that in any such action commenced in Canada she will not plead the Statute of Limitations as a defense, but will waive the same. In the event of defendant’s failure to comply with the foregoing conditions, the order should be affirmed.
Chief Judge Bbeitel and Judges Jasen, G-abrielli, Jones and Rabin concur; Judge Stevens taking no part.
*419 Order reversed, with costs, and complaint dismissed on condition that within 10 days from date hereof defendant stipulates to accept service of process in Canada and to appear in an action to be commenced in Canada for same relief demanded in complaint herein and that in any such action commenced in Canada she will not plead Statute of Limitations as a defense, but will waive same. Question certified answered in the negative. In the event of defendant’s failure to comply with aforesaid conditions, order affirmed, with costs.