■ JOSEPH L. MUSCARELLE, INC., Appellant, v FLUORO ELECTRIC CORPORATION, Respondent, and UNIVERSAL CONTAINER CORP., Defendant.—Order, Supreme Court, New York County, entered April 20, 1976, granting defendant-respondent's motion to dismiss the complaint on the ground of *forum non conveniens,* and order entered July 2, 1976, denying a motion for a rehearing, unanimously affirmed, with $60 costs and disbursements to respondent, on the conditions hereinafter set forth. Notwithstanding, Special Term mistakenly interpreted Paragraph No. 32 of the contract, as barring both parties from bringing suit in New York, there is ample basis to warrant dismissing the complaint for the contract is governed by New Jersey law, was entered into in New Jersey by two New Jersey corporations and calls for performance of work on a building to be erected in that State. Thus, no substantial nexus with New York exists (see *Martin v Mieth,* 35 NY2d 414, 418). Apparently there is no reason why defendant Universal Container Corp. is not subject to process in New Jersey. However, since it did not join in respondent's motion to dismiss, the possibility of bifurcated proceedings with the risk of inconsistent verdicts remains. To remove that contingency the order is affirmed on condition that within 10 days from the date of the service of a copy of the order to be entered herein, Universal Container Corp. stipulates to accept service of process in New Jersey for the same relief demanded in the complaint herein, and that in any such action

commenced in New Jersey it will not plead the Statute of Limitations as a defense but will waive the same. Concur—Kupferman, J. P., Birns, Capozzoli, Nunez and Yesawich, JJ.