Appeal from an order of the Supreme Court at Special Term, entered January 9, 1976 in Albany County, which granted defendant’s cross motion to dismiss plaintiff’s application on the ground of forum non conveniens. By order to show cause dated September 17, 1975, plaintiff moved pursuant to section 244 of the Domestic Relations Law for an order directing the entry of judgment against the defendant, her former husband, alleging that since January of 1975 he had failed to comply with the support provisions of a 1971 divorce decree. Pointing out that he resided in Florida and that plaintiff had removed herself to California, defendant cross-moved to dismiss *1034 the application on the ground of' forma non conveniens and plaintiff now appeals from the order of Special Term which granted his motion. The doctrine of forum non conveniens is equitable in nature and, to a large degree, rests on considerations of public policy (Martin v Mieth, 35 NY2d 414; Silver v Great Amer. Ins. Co., 29 NY2d 356; Varkonyi v S. A. Empresa De Viacao Airea Rio Grandense [Varig], 22 NY2d 333). Although discretion may and should be exercised in accepting suits between nonresidents that add to the burdens of our courts (CPLR 327; Varkonyi v S. A. Empresa De Viacao Airea Rio Grandense [Varig], supra, p 337), upon our evaluation of all the competing considerations in this case we conclude that Special Term unduly stressed the availability of redress in Florida and improvidently granted defendant’s motion. The record demonstrates that the parties had lived in New York for several years prior to their divorce and that the defendant, by his own admission, still owns some 23 acres of vacant land in Albany County. It further reveals that they had entered into a separation agreement in this jurisdiction which recited that its terms were to be construed and governed by New York law and, in conformity with another clause thereof, the provisions of that agreement were incorporated, but not merged, in the subsequent New York divorce decree. Plaintiff’s contractual support rights under that agreement, and the difficulties she might encounter in attempting to vindicate them in New York or elsewhere, are simply not germane to this case for she has chosen to base her claim for support on the domestic decree and enforce it as section 244 of the Domestic Relations Law permits. As a result, her application does not constitute the maintenance of a new action, but is treated as a motion in the underlying divorce action (see Haskell v Haskell, 6 NY2d 79). Even if it is assumed that Florida possesses authority to render a monetary judgment for arrearages in plaintiff’s favor based on a foreign decree and would not resolve potential conflict of law questions to her detriment, the fact remains that New York has already paid judicial attention to these parties and more simplified procedures exist here to summarily dispose of their present dispute. Moreover, inasmuch as the defendant has not yet raised any factual issue that would require a trial, it is entirely possible that plaintiff’s motion could be determined in the physical absence of both parties. Finally, an asset from which a judgment in plaintiff’s favor could be satisfied is available in this jurisdiction and, therefore, she would not necessarily have to seek the assistance of foreign courts should she prevail on the motion. Accordingly, the order should be reversed and plaintiff should be allowed to proceed. Order reversed, on the law and the facts, and defendant’s cross motion denied, with costs. Koreman, P. J., Greenblott, Kane, Larkin and Herlihy, JJ., concur.