■ ISLAMIC REPUBLIC OF IRAN, Respondent, v ASHRAF PAHLAVI, Appellant. — Order of Supreme Court, New York County (Arnold G. Fraiman, J.), entered November 12, 1982 denying appellant's motion to dismiss the complaint pursuant to CPLR 3211 (subd [a], pars 2, 7) on the grounds of unclean hands, *forum non conveniens,* and nonjusticiability under the "political question" doctrine (lack of subject matter jurisdiction), reversed, on the law and the facts and in the exercise of discretion and the complaint is dismissed, without costs. ¶ This case arises directly out of the overthrow of the Iranian government and Mohammed Reza Pahlavi, the former Shah of Iran. The plaintiff government of Iran seeks to impress a trust upon any and all assets of defendant, sister of the former Shah, and for an injunction against transferring of any of the assets owned and controlled by her, pending an accounting; and for an accounting and payover to plaintiff of any and all moneys and property of any kind received by her which came about through the use of intimidation, fear or corrupt agreement. Additionally, plaintiff seeks three billion dollars in compensatory damages, plus punitive damages for breach of trust, as imposed on her by Iranian law. ¶ This action was commenced three months after a similar action was brought against the former Shah and his wife. During the pendency of the instant appeal, this court affirmed the dismissal of plaintiff's action against the Shah and Empress on grounds of *forum non conveniens* (94 AD2d 374). In that case the only jurisdictional connection to New York was a few weeks' stay by the Shah in a New York hospital. The fact that some of the Shah's assets sought were in New York was specifically found to be insufficient to support jurisdiction here, even as to those assets. ¶ A strong reason for our refusing to permit that action to go forward was plaintiff government's own failure to meet its fundamental obligation of providing a system of fair and impartial courts, i.e., New York should not bear the responsibility for correcting that omission. As Justice Silverman's opinion for the court noted (p 375), entertaining such an action would be "extremely burdensome to the people, taxpayers and the courts of this State." ¶ Similarly, we base our holding in this case on equitable considerations of justice, fairness and convenience. This

action does not bear a substantial nexus to the State of New York (see *Martin v Mieth*, 35 NY2d 414, 418; *Irrigation & Ind. Dev. Corp. v Indag S. A.*, 37 NY2d 522, 526; *Silver v Great Amer. Ins. Co.*, 29 NY2d 356, 361) and seeks to burden New York courts and taxpayers with an action involving billions of dollars in assets located throughout the world, with the gravamen of the lawsuit being allegations as to the foreign monarch's rule over the past several decades. ¶ We are of the opinion that this case is barely distinguishable from the companion case and raises precisely the same issues. The "political question" and "unclean hands" doctrines are irrelevant, and given the failure of plaintiff-respondent to distinguish the *forum non conveniens* dismissal of that action, against the former Shah and Empress, from the case at bar, we believe our earlier decision controls the present case. We note, in this respect, that plaintiff seeks the identical worldwide access to billions of dollars of assets without specification of any particular transaction occurring in this forum. Although respondents attempt to recast this action as one concerning property in New York (in rem jurisdiction) by submitting five reports to the United States Treasury Department identifying property here in which the Shah and/or his family had an interest, the actual causes of action do not truly differ from the ones presented in the prior action, upon which we concluded (p 377) "this is not a case of dispute as to the ownership of specific property in this State." ¶ Thus, we remain convinced that New York's connection with all of this is, at best, tenuous and the better approach is to exercise our discretion and reject this action. Accordingly, the order appealed from is reversed and the motion to dismiss the action is granted. Concur — Murphy, P. J., Carro, Asch and Milonas, JJ. [116 Misc 2d 590.]