■ FIROOZEH FARAHMAND, M.D., Ph.D., Appellant, v DALHOUSIE UNIVERSITY, Respondent. [947 NYS2d 459]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered January 4, 2011, which granted defendant's motion to dismiss the complaint for lack of personal jurisdiction or, in the alternative, on the basis of forum non conveniens, unanimously affirmed, without costs. Order, same court and Justice, entered September 26, 2011, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion for renewal, unanimously affirmed, without costs.

The court properly dismissed plaintiff's complaint for lack of personal jurisdiction over defendant, a publicly funded university that was incorporated in Nova Scotia, Canada. Contrary to plaintiff's contention, the evidence does not show that defendant engages in a "continuous and systematic course of 'doing

business' " in New York through the activities of Dalhousie University Foundation Inc., a not-for-profit charitable organization that was incorporated in New York and has its principal office in Manhattan (*see Landoil Resources Corp. v Alexander & Alexander Servs.*, 77 NY2d 28, 33-34 [1990] [internal quotation marks omitted]). Although it is undisputed that the Foundation is a vehicle through which tax-deductible donations can be made to defendant by United States residents, the evidence does not support plaintiff's contention that defendant oversaw the Foundation's incorporation or controls the Foundation's activities. The evidence demonstrates that the Foundation was incorporated separately, is independently governed by New York residents on a volunteer basis, and functions independently of defendant.

The court properly found that, even if a basis for personal jurisdiction existed, dismissal would be warranted on the alternative ground of forum non conveniens. Plaintiff's tort and breach of contract claims lack a substantial nexus with New York, since the incidents giving rise to the claims occurred in Nova Scotia, Nova Scotia law governs the claims, and the documentary evidence and witnesses are located in Nova Scotia (*see Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 478-479 [1984], *cert denied* 469 US 1108 [1985]; *Martin v Mieth*, 35 NY2d 414, 418 [1974]). To the extent plaintiff contends that Nova Scotia is not a viable alternative forum because she cannot afford to retain counsel there, while her New York counsel is willing to represent her on a pro bono basis, the argument is unavailing. A claim of financial hardship is not relevant to a determination of the availability of an alternate forum; it is a factor to be considered in determining whether the alternate forum that has been identified is convenient (*Gross v British Broadcasting Corp.*, 386 F3d 224, 231 [2d Cir 2004]). Further, plaintiff does not dispute defendant's contention that Nova Scotia law permits attorneys to represent plaintiffs on a contingent fee basis (*cf. Waterways Ltd. v Barclays Bank PLC*, 174 AD2d 324, 328 [1991] [burden on plaintiff resulting from transfer to jurisdiction that bars contingency fees is factor in favor of retaining action in New York]).

On her motion for renewal, plaintiff failed to submit new facts "in existence at the time of the original motion" that were unknown to her and therefore not brought to the court's attention (*see William P. Pahl Equip. Corp. v Kassis*, 182 AD2d 22, 27 [1992], *lv dismissed in part and denied in part* 80 NY2d 1005 [1992]; CPLR 2221 [e] [2]). To the extent the facts she submitted were in existence at the time of the prior motion, plaintiff

failed to proffer a reasonable justification for her failure to present them on that motion (*see* CPLR 2221 [e] [3]). Concur—Tom, J.P., Andrias, Friedman, Moskowitz and Renwick, JJ. **[Prior Case History: 30 Misc 3d 1210(A), 2011 NY Slip Op 50021(U).]**