■ CHANG JIN PARK, Appellant, v HEATHER HYUN-AH CHO, Respondent. [60 NYS3d 482]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (McDonald, J.), entered January 19, 2016, which granted the defendant's motion pursuant to CPLR 327 (a) to dismiss the complaint on the ground of forum non conveniens.

Ordered that the order is affirmed, with costs.

On a motion pursuant to CPLR 327 to dismiss the complaint on the ground of forum non conveniens, the burden is on the movant to demonstrate the relevant private or public interest

factors that militate against a New York court's acceptance of the litigation (*see Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 478-479 [1984]; *Stravalle v Land Cargo, Inc.*, 39 AD3d 735, 736 [2007]). "Among the factors the court must weigh are the residency of the parties, the potential hardship to proposed witnesses, the availability of an alternative forum, the situs of the actionable events, and the burden which will be imposed upon the New York courts, with no one single factor controlling" (*Kefalas v Kontogiannis*, 44 AD3d 624, 625 [2007]). A court's determination of a motion to dismiss on the ground of forum non conveniens will not be disturbed on appeal unless the court failed to properly consider all the relevant factors or improvidently exercised its discretion in deciding the motion (*see Turay v Beam Bros. Trucking, Inc.*, 61 AD3d 964, 966 [2009]; *Smolik v Turner Constr. Co.*, 48 AD3d 452, 453-454 [2008]; *Rosenberg v Stikeman Elliott, LLP*, 44 AD3d 840, 841 [2007]). Here, the plaintiff alleges that he sustained personal injuries when the defendant assaulted him on a plane at John F. Kennedy Airport in Queens, New York. However, both the plaintiff and the defendant are Korean citizens who reside in Seoul, the plaintiff received medical treatment for the injuries he allegedly sustained as a result of the incident in Korea, and criminal charges stemming from the incident were brought against the defendant in Korea. Under these circumstances and considering all of the relevant factors, including the fact that all potential witnesses are in Korea, we find no basis to disturb the Supreme Court's determination (*see Martin v Mieth*, 35 NY2d 414, 418 [1974]; *Koop v Guskind*, 116 AD3d 672, 674 [2014]; *Adamowicz v Besnainou*, 58 AD3d 546, 546-547 [2009]).

The plaintiff's remaining contention is without merit.

Accordingly, the Supreme Court properly granted the defendant's motion to dismiss the complaint on the ground of forum non conveniens. Chambers, J.P., Cohen, Barros and Brathwaite Nelson, JJ., concur.