DelGrosso v Carroll (2020 NY Slip Op 04148)





DelGrosso v Carroll


2020 NY Slip Op 04148


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-04599
 (Index No. 715460/16)

[*1]Francine DelGrosso, appellant, 
v
Daniel Carroll, Jr., defendant, Donald DelGrosso, et al., respondents.


Philip C. Castaldi (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for appellant.
Scahill Law Group P.C., Bethpage, NY (Andrea E. Ferrucci and Gerard Ferrara of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered March 9, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendants Donald DelGrosso and Bryan DelGrosso which was pursuant to CPLR 327(a) to dismiss the complaint insofar as asserted against them on the ground of forum non conveniens, directed, sua sponte, dismissal of the complaint insofar as asserted against the defendant Daniel Carroll, Jr., and denied, as academic, that branch of the plaintiff's cross motion which was pursuant to CPLR 306-b to extend the time to serve the defendants Bryan DelGrosso and Daniel Carroll, Jr.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed dismissal of the complaint insofar as asserted against the defendant Daniel Carroll, Jr., is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is modified, on the law, on the facts, and in the exercise of discretion, by (1) deleting the provision thereof which, sua sponte, directed dismissal of the complaint insofar as asserted against the defendant Daniel Carroll, Jr., (2) deleting the provision thereof denying, as academic, that branch of the plaintiff's cross motion which was pursuant to CPLR 306-b to extend the time to serve the defendants Bryan DelGrosso and Daniel Carroll, Jr., and substituting therefor provisions granting that branch of the plaintiff's cross motion, deeming the service effectuated on the defendant Bryan DelGrosso on May 5, 2017, to have been timely made nunc pro tunc, and extending the plaintiff's time to serve the defendant Daniel Carroll, Jr., until 30 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, (3) adding a provision thereto denying that branch of the motion of the defendants Donald DelGrosso and Bryan DelGrosso which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against the defendant Bryan DelGrosso for lack of personal jurisdiction, and (4) deleting the provision thereof granting that branch of the motion of the defendants Donald DelGrosso and Bryan DelGrosso which was pursuant to CPLR 327(a) to dismiss the complaint insofar as asserted against them on the ground of forum non conveniens, and substituting therefor a provision granting that [*2]branch of the motion on the condition that those defendants stipulate to (a) accept service of process in a new action in the State of New Jersey upon the same causes of action as those asserted in the instant complaint, and (b) waive any defense based on the statute of limitations not available in New York at the time of the commencement of this action, both provided that the new action is commenced within 30 days after service of the stipulation upon the plaintiff; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the action against the defendant Daniel Carroll, Jr., is severed; in the event that the defendants Donald DelGrosso and Bryan DelGrosso fail to so stipulate within 30 days after service upon them of a copy of this decision and order, then the order is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, with costs payable to the plaintiff, that branch of the plaintiff's cross motion which was pursuant to CPLR 306-b to extend the time to serve the defendants Bryan DelGrosso and Daniel Carroll, Jr., is granted, the service effectuated on the defendant Bryan DelGrosso on May 5, 2017, is deemed to have been timely made nunc pro tunc, the plaintiff's time to serve the defendant Daniel Carroll, Jr., is extended until 30 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, that branch of the motion of the defendants Donald DelGrosso and Bryan DelGrosso which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against Bryan DelGrosso for lack of personal jurisdiction is denied, and that branch of the motion of the defendants Donald DelGrosso and Bryan DelGrosso which was pursuant to CPLR 327(a) to dismiss the complaint insofar as asserted against them on the ground of forum non conveniens is denied.
On December 29, 2013, in Queens, the plaintiff, while a passenger in a vehicle owned by the defendant Bryan DelGrosso (hereinafter Bryan) and operated by the defendant Donald DelGrosso (hereinafter Donald, and hereinafter together with Bryan, the respondents), was involved in a collision with a vehicle owned and operated by the defendant Daniel Carroll, Jr. The plaintiff commenced this personal injury action against the defendants on December 28, 2016. The plaintiff served a copy of the summons and complaint on Donald on April 5, 2017, and on Bryan on May 5, 2017. The plaintiff attempted, without success, to serve Carroll on May 4 and 10, 2017.
By notice of motion dated May 5, 2017, the respondents moved pursuant to CPLR 327(a) to dismiss the complaint insofar as asserted against Donald on the ground of forum non conveniens, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against Bryan for lack of personal jurisdiction or, in the alternative, pursuant to CPLR 327(a) on the ground of forum non conveniens. By notice of cross motion dated June 5, 2017, the plaintiff moved, inter alia, pursuant to CPLR 306-b for an extension of time to serve Bryan and Carroll. In an order entered March 9, 2018, the Supreme Court, inter alia, granted that branch of the respondents' motion which was pursuant to CPLR 327(a) to dismiss the complaint insofar as asserted against them on the ground of forum non conveniens, directed, sua sponte, dismissal of the complaint insofar as asserted against Carroll, and denied, as academic, that branch of the plaintiff's cross motion which was pursuant to CPLR 306-b for an extension of time to serve Bryan and Carroll.
As a threshold matter, the Supreme Court lacked the authority to, sua sponte, direct dismissal of the complaint insofar as asserted against Carroll on forum non conveniens grounds (see VSL Corp. v Dunes Hotels & Casinos, 70 NY2d 948, 949). Similarly, as a matter of procedure, the court should not have addressed the merits of that branch of the respondents' motion which was pursuant to CPLR 327(a) to dismiss the complaint insofar as asserted against Bryan on forum non conveniens grounds without first determining whether the court had acquired jurisdiction over that defendant (see Sanchez v Major, 289 AD2d 320, 321).
Turning to the unaddressed threshold question of whether, pursuant to CPLR 3211(a)(8), the complaint should be dismissed insofar as asserted against Bryan for lack of personal jurisdiction, we find that while Bryan was not served with the summons and complaint until May 5, 2017—more than 120 days after this action had been commenced—the Supreme Court, under the circumstances presented, should have granted, in the interest of justice, that branch of the plaintiff's cross motion pursuant to CPLR 306-b to extend the time to serve both Bryan and Carroll (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105). Among other things, the plaintiff promptly sought an extension after Bryan challenged the court's jurisdiction, the respective insurance carriers [*3]for Bryan and Carroll had actual notice of this action within 120 days of its commencement, there was evidence of a potentially meritorious cause of action, and there was no demonstrable prejudice to Bryan and Carroll (see Singh v Trahan, 153 AD3d 961; Jhang v Nassau Univ. Med. Ctr., 140 AD3d 1018, 1019-1020; Cooper v New York City Bd. of Educ., 55 AD3d 526). Accordingly, that branch of the respondents' motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against Bryan must be denied, and the plaintiff's cross motion pursuant to CPLR 306-b to extend the time to serve both Bryan and Carroll must be granted.
However, the Supreme Court providently exercised its discretion in granting that branch of the respondents' motion which was pursuant to CPLR 327(a) to dismiss the complaint insofar as asserted against them on the ground of forum non conveniens. In granting that branch of the respondents' motion, the court properly considered all the relevant factors (see Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 479), including that the plaintiff and the respondents are residents of New Jersey, Carroll was also a resident of New Jersey at the time of the accident, Bryan's insurance policy was issued in New Jersey, and both vehicles involved in the accident were registered in New Jersey (see Chang Jin Park v Cho, 153 AD3d 1311, 1312; Economos v Zizikas, 18 AD3d 392, 394). The fact that the accident occurred in New York is insufficient by itself to provide the substantial nexus required to warrant the retention of jurisdiction in the State of New York (see Martin v Mieth, 35 NY2d 414, 418; Ortalano v Yu He, 138 AD3d 520, 521; Fajardo v Alejandro, 126 AD3d 644, 645). Considering all of the relevant factors, including the fact that the plaintiff primarily received medical treatment for her alleged injuries in New Jersey, we find no basis to disturb the court's determination to dismiss the action insofar as asserted against the respondents on forum non conveniens grounds (see Chang Jin Park v Cho, 153 AD3d at 1312).
However, we agree with the plaintiff that the Supreme Court's dismissal should have been conditioned on the respondents' stipulation to the waiver of jurisdictional and statute of limitations defenses as indicated herein (see Wild v University of Pa., 115 AD3d 944, 946).
MASTRO, J.P., CHAMBERS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court