Klein v Whirlpool Corp. (2021 NY Slip Op 03449)





Klein v Whirlpool Corp.


2021 NY Slip Op 03449


Decided on June 2, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 2, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2018-06172
 (Index No. 3608/17)

[*1]Ralph Klein, appellant, 
v
Whirlpool Corporation, et al, respondents.


Ralph Klein, Rockville Centre, NY, appellant pro se.
Leader Berkon Colao & Silverstein LLP, New York, NY (Brian K. Cifuentes and Glen Silverstein of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), dated March 30, 2018. The order, insofar as appealed from, granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In or about October 2017, the plaintiff commenced this action against Whirlpool Corporation (hereinafter Whirlpool), P.C. Richard & Son (hereinafter P.C. Richard), and two Whirlpool officers, alleging that a Whirlpool refrigerator he purchased from P.C. Richard was defective. The complaint alleged that the defendants breached the sales contract, the "Extended Service Protection" contract, and the manufacturer's warranty by failing to repair or replace the defective refrigerator upon his complaints. After the plaintiff mailed a copy of the summons and complaint to Whirlpool's Benton Harbor, Michigan headquarters and another copy to P.C. Richard's headquarters in Farmingdale, the defendants moved pursuant to CPLR 3211(a)(7) and (8) to dismiss the complaint. The plaintiff cross-moved, inter alia, for leave to amend the complaint. The Supreme Court granted the defendants' motion on both asserted grounds, and denied the plaintiff's cross motion. The plaintiff appeals.
The plaintiff did not comply with the service requirements of CPLR 308 governing personal service upon a natural person or CPLR 311 governing personal service upon a corporation. Additionally, the plaintiff did not satisfy the requirements set forth in CPLR 312-a, governing personal service by mail, as he did not include with the papers he attempted to serve by mail a "statement of service by mail and acknowledgment of receipt" (CPLR 312-a[a]; see Matter of Bokhour v New York City School Constr. Auth., 70 AD3d 684, 684-685). "When the requirements for service of process have not been met, it is irrelevant that defendant may have actually received the documents" (Raschel v Rish, 69 NY2d 694, 697; see HSBC Bank USA, N.A. v Assouline, 177 AD3d 603, 605). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction (see Matter of Bokhour v New York City School Constr. Auth., 70 AD3d at 684-685; [*2]Bennett v Acosta, 68 AD3d 910, 910). Since the court had not acquired jurisdiction over the defendants, it should have denied as academic that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint for failing to state a cause of action, instead of addressing that branch on the merits (cf. DelGrosso v Carroll, 185 AD3d 901, 903-904).
In light of our determination, we need not address the parties' remaining contention.
LASALLE, P.J., DILLON, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court