Fertco v Jhashi (2023 NY Slip Op 01020)

Fertco v Jhashi

2023 NY Slip Op 01020

Decided on February 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2020-04960
 (Index No. 31378/19)

[*1]Sia Fertco, appellant,
v
Vaja Jhashi, respondent.

Wolffers Cohen & Edderai, LLP, Wesley Hills, NY (William I. Talbot and Berwin Cohen of counsel), for appellant.
Trachtenberg Rodes & Friedberg, LLP, New York, NY (Barry J. Friedberg of counsel), for respondent.

DECISION & ORDER
In an action to recover on a promissory note, the plaintiff appeals from an order of the Supreme Court, Rockland County (Rolf Thorsen, J.), dated May 26, 2020. The order granted the defendant's motion, inter alia, pursuant to CPLR 327(a) to dismiss the complaint on the ground of forum non conveniens.
ORDERED that the order is affirmed, with costs.
In 2019, the plaintiff, a Latvian company, commenced this action in the Supreme Court, Rockland County, against the defendant to recover on a promissory note executed by the defendant to secure the sale of goods by the plaintiff to a Romanian company owned by the defendant. The plaintiff alleged, among other things, that, pursuant to an agreement regarding the sale and purchase of the goods (hereinafter the contract), the defendant guaranteed the payments owed by the Romanian company to the plaintiff (hereinafter the promissory note) and that the Romanian company failed to pay the amount owed. The defendant moved, inter alia, pursuant to CPLR 327(a) to dismiss the complaint on the ground of forum non conveniens. In an order dated May 26, 2020, the Supreme Court granted the defendant's motion. The plaintiff appeals. We affirm.
"On a motion to dismiss on the ground of forum non conveniens, the burden is on the defendant challenging the forum to demonstrate that considerations relevant to private or public interest militate against accepting or retaining the litigation" (Matter of OxyContin II, 76 AD3d 1019, 1020-1021). "Among the factors the court must weigh are the residency of the parties, the potential hardship to proposed witnesses including, especially, nonparty witnesses, the availability of an alternative forum, the situs of the underlying actionable events, the location of the evidence, and the burden that retention of the case will impose upon the New York Courts" (Turay v Beam Bros. Trucking, Inc., 61 AD3d 964, 966; see Chang Jin Park v Cho, 153 AD3d 1311, 1312). "The court may also consider the location of potential witnesses and documents and potential applicability of foreign law" (Fekah v Baker Hughes Inc., 176 AD3d 527, 529).
Here, the plaintiff is incorporated in Latvia, the Romanian company is incorporated in Romania, all relevant documents were negotiated and executed in Europe, and all actionable [*2]events occurred in Europe. In addition, the contract provided that Latvian law would govern, and an assignment agreement entered into between the Romanian company and another company with respect to the contract and the promissory note at issue here provided that Romanian law would govern. The defendant's part-time residence in Rockland County, standing alone, is not sufficient to warrant retaining jurisdiction of this action (see Koop v Guskind, 116 AD3d 672, 674). Under these circumstances, the Supreme Court providently exercised its discretion in granting the defendant's motion, inter alia, pursuant to CPLR 327(a) to dismiss the complaint on the ground of forum non conveniens, as the burden which would be imposed upon the courts of this State if this action was retained would be substantial (see Primus Pac. Partners 1, LP v Goldman Sachs Group, Inc., 175 AD3d 401, 402).
In light of our determination, we need not reach the plaintiff's remaining contention.
DUFFY, J.P., CONNOLLY, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court