Lesavoy v Brady (2025 NY Slip Op 05511)

Lesavoy v Brady

2025 NY Slip Op 05511

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2022-01336
 (Index No. 613513/20)

[*1]Nina Lesavoy, appellant, 
v
Charles Allen Brady, etc., et al., respondents.

Richard S. Bonfiglio, Staten Island, NY, for appellant.
Leech Tishman Robinson Brog, PLLC, New York, NY (William A. Rome and Michael A. Eisenberg of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Carmen Victoria St. George, J.), dated January 27, 2022. The order granted the defendants' motion pursuant to CPLR 3211(a) and 327(a) to dismiss the complaint, and denied, as academic, the plaintiff's cross-motion to deem the affidavits of service of the summons and complaint timely filed nunc pro tunc.
ORDERED that the order is affirmed, with costs.
In July 2017, the plaintiff entered into a prenuptial agreement (hereinafter the agreement) with Charles W. Brady (hereinafter the decedent) and thereafter, they were married in New York. During the course of the marriage, they lived in residences owned by each of them in Georgia and in New York. The decedent died testate on December 7, 2019, in Georgia. Thereafter, the decedent's will was admitted to probate in Georgia. In August 2020, the defendants, Charles Allen Brady and M. Merrill Brady, were granted letters of administration.
In September 2020, the plaintiff commenced this action, asserting five causes of action. The first, second, and third causes of action sought to recover on three separate promissory notes signed by the decedent in Georgia. The fourth cause of action sought the return of the plaintiff's personal property allegedly present in the decedent's Georgia home. The fifth cause of action alleged that the defendants breached Article X(2) of the agreement by failing to provide requested documents and information sufficient to enable the plaintiff to determine the amount of any excess income taxes she owed for the 2019 tax year. The plaintiff asserted jurisdiction pursuant to the forum selection clause of the agreement, which provided that "both parties shall submit to the exclusive jurisdiction of the courts of the State of New York, provided that at least one party reside in New York."
The defendants moved pursuant to CPLR 3211(a) and 327(a) to dismiss the complaint, arguing, inter alia, that the defendants and the decedent resided in Georgia, that there was no factual basis to assert long-arm jurisdiction, and that the promissory notes were not subject to the agreement. The plaintiff opposed the motion and cross-moved to deem the affidavits of service of the summons and complaint timely filed nunc pro tunc. While the motion and the cross-motion were [*2]pending, the plaintiff filed an amended complaint, among other things, amending the fifth cause of action so as to recover the amount of additional federal income taxes incurred as a result of the defendants' decision to file a separate federal income tax return for the 2019 tax year and asserting a sixth cause of action, seeking an award of attorneys' fees incurred in bringing suit to enforce the defendant's breach of the agreement. In an order dated January 27, 2022, the Supreme Court granted the defendants' motion and denied the plaintiff's cross-motion as academic. The plaintiff appeals.
The Supreme Court properly granted dismissal of the first through fourth causes of action pursuant to CPLR 3211(a)(8) for lack of personal jurisdiction. "The ultimate burden of proving a basis for personal jurisdiction rests with the party asserting jurisdiction" (Fanelli v Latman, 202 AD3d 758, 759). However, to defeat a motion pursuant to CPLR 3211(a)(8), a plaintiff "need only make a prima facie showing that personal jurisdiction exists" (Aybar v US Tires & Wheels of Queens, LLC, 211 AD3d 40, 49). When considering the motion, "'[t]he facts alleged in the complaint and affidavits in opposition to such a motion to dismiss are deemed true and construed in the light most favorable to the plaintiff, and all doubts are to be resolved in favor of the plaintiff'" (Fanelli v Latman, 202 AD3d at 759, quoting Nick v Schneider, 150 AD3d 1250, 1251).
CPLR 301 provides that "[a] court may exercise such jurisdiction over persons, property, or status as might have been exercised heretofore" (Chen v Guo Liang Lu, 144 AD3d 735, 737 [internal quotation marks omitted]; see Pichardo v Zayas, 122 AD3d 699, 702). "'[T]he bases for jurisdiction recognized by our common law before the date of the enactment of the CPLR [were] physical presence within the State, domicile or consent'" (Pichardo v Zayas, 122 AD3d at 702, quoting Matter of Nilsa B. B. v Clyde Blackwell H., 84 AD2d 295, 303). "[D]omicile means 'living in [a] locality with intent to make it a fixed and permanent home'" (King v Car Rentals, Inc., 29 AD3d 205, 210, quoting Matter of Newcomb, 192 NY 238, 250). It is the place "'where one always intends to return to from wherever one may be temporarily located'" (id., quoting Laufer v Hauge, 140 AD2d 671, 672). An individual may have multiple residences, but only one domicile (see Matter of Newcomb, 192 NY at 250; Laufer v Hauge, 140 AD2d at 672). Where the defendant is not domiciled in New York at the time the action is commenced, New York courts lack personal jurisdiction over the defendant on that basis (see Keane v Kamin, 94 NY2d 263, 266; Chen v Guo Liang Lu, 144 AD3d at 737). Here, the plaintiff failed to demonstrate a basis for exercising general personal jurisdiction over the defendants as the decedent was domiciled in Georgia (see CPLR 301; Vaval v Stanco, LLC, 219 AD3d 1466, 1467; Pichardo v Zayas, 122 AD3d at 703) and contrary to the plaintiff's contention, CPLR 301 does not permit the application of a "doing business" test to individual defendants (see Pichardo v Zayas, 122 AD3d 699), nor does the decedent's ownership of property in New York, on its own, confer personal jurisdiction over the decedent and the defendants, the administrators of his estate (see Chen v Guo Liang Yu, 144 AD3d at 737; King v Car Rentals, Inc., 29 AD3d at 210).
The Supreme Court also properly concluded that the plaintiff failed to establish, prima facie, that the defendants were subject to jurisdiction under New York's long-arm statute (see CPLR 302[a][1]). "'In order to determine whether personal jurisdiction exists under CPLR 302(a)(1), a court must determine (1) whether the defendant transacted business in New York and, if so, (2) whether the cause of action asserted arose from that transaction'" (Law Off. of Cary Scott Goldinger, P.C. v Deluca, 219 AD3d 598, 599, quoting Leuthner v Homewood Suites by Hilton, 151 AD3d 1042, 1043 [internal quotation marks omitted]). "[I]n order to satisfy the second prong of the jurisdictional inquiry, there must be an articulable nexus, or a substantial relationship, between a defendant's in-state activity and the cause of action asserted" (id. at 600; Leuthner v Homewood Suites by Hilton, 151 AD3d at 1043-1044 [citations and internal quotation marks omitted]). While it is undisputed that the decedent transacted business within the state, that two of the three promissory notes were to be construed in accordance with the laws of the State of New York is insufficient to support jurisdiction under CPLR 302(a)(1) where the promissory notes were executed in Georgia (see Shalik v Coleman, 111 AD3d 816, 818) nor is there any nexus between New York and the property sought under the fourth cause of action, which is located in Georgia.
Moreover, as the Supreme Court properly concluded, Article X(4) of the agreement is inapplicable to the causes of action concerning the promissory notes as that provision merely [*3]provides for how the plaintiff and the decedent will treat incurred debt. Further, as the first four causes of action do not arise out of the agreement, the forum selection clause of the agreement does not apply (cf. Couvertier v Concourse Rehabilitation & Nursing, Inc., 117 AD3d 772, 773).
"The doctrine of forum non conveniens permits a court to dismiss an action when, although it may have jurisdiction over a claim, the court determines that in the interest of substantial justice the action should be heard in another forum" (Wild v University of Pa., 115 AD3d 944, 945 [internal quotation marks omitted]). "On a motion to dismiss on the ground of forum non conveniens, the burden is on the defendant challenging the forum to demonstrate that considerations relevant to private or public interest militate against accepting or retaining the litigation" (Fertco v Jhashi, 213 AD3d 963, 964 [internal quotation marks omitted]; see Matter of OxyContin II, 76 AD3d 1019, 1020-1021). "Among the factors the court must weigh are the residency of the parties, the potential hardship to proposed witnesses including, especially, nonparty witnesses, the availability of an alternative forum, the situs of the underlying actionable events, the location of the evidence, and the burden that retention of the case will impose upon the New York Courts" (Fertco v Jhashi, 213 AD3d at 964; see Wild v University of Pa., 115 AD3d at 945-946]). "A court's determination of a motion to dismiss on the ground of forum non conveniens will not be disturbed on appeal unless the court failed to properly consider all the relevant factors or improvidently exercised its discretion in deciding the motion" (Chang Jin Park v Cho, 153 AD3d 1311, 1312; see Turay v Beam Bros. Trucking Inc., 61 AD3d 964, 965).
Here, the defendants established that Georgia was available as an alternate forum, the underlying actionable events took place in Georgia, the location of the evidence was in Georgia, the decedent's will was admitted to probate in Georgia and the defendants and the decedent were residents of Georgia (see Fertco v Jhashi, 213 AD3d at 964 [alteration and internal quotation marks omitted]; see Wild v University of Pa., 115 AD3d at 945-946). Accordingly, the Supreme Court providently exercised its discretion in granting dismissal of the fifth and sixth causes of action pursuant to CPLR 327(a) on the ground of forum non conveniens.
In light of our determination, the Supreme Court also properly denied, as academic, the plaintiff's cross-motion to deem the affidavits of service of the summons and complaint timely filed nunc pro tunc.
The plaintiff's remaining contention is without merit.
CHAMBERS, J.P., WOOTEN, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court