City of Philadelphia Bd. of Pensions & Retirement v Winters

2026 NY Slip Op 03141

May 20, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

City of Philadelphia Board of Pensions and Retirement, etc., appellant,

v

William Winters, et al., defendants, Standard Chartered PLC, nominal defendant-respondent, et al., nominal defendant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 20, 2026

2022-01561, (Index No. 601438/20)

Mark C. Dillon, J.P.

William G. Ford

Deborah A. Dowling

Susan Quirk, JJ.

Rigrodsky Law, P.A., Garden City, NY (Seth D. Rigrodsky, Timothy J. MacFall, and Gina M. Serra of counsel), for appellant.

Sullivan & Cromwell LLP, New York, NY (Richard C. Pepperman II, Jacob E. Cohen, and Samuel G. Darby of counsel), for nominal defendant-respondent.

[*1]

DECISION & ORDER

In a shareholder's derivative action, inter alia, to recover damages for breach of fiduciary duty, the plaintiff appeals from an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), entered February 8, 2022. The order granted the motion of the nominal defendant Standard Chartered PLC to dismiss the amended complaint insofar as asserted against it.

ORDERED that order is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof granting the motion of the nominal defendant Standard Chartered PLC to dismiss the amended complaint insofar as asserted against it, and substituting therefor a provision granting the motion on the condition that the nominal defendant Standard Chartered PLC stipulate to (a) accept service of process in a new action commenced by the plaintiff in the United Kingdom on the same causes of action as those asserted in the amended complaint, and (b) waive any defense based on the statute of limitations not available in New York at the time of the commencement of this action, all provided that the new action is commenced within 90 days after service of the stipulation upon the plaintiff; as so modified, the order is affirmed, without costs or disbursements; in the event that the nominal defendant Standard Chartered PLC fails to so stipulate within 90 days after service on it of a copy of this decision and order, then the order is reversed, on the law, with costs payable to the plaintiff, and the motion of the nominal defendant Standard Chartered PLC to dismiss the amended complaint insofar as asserted against it is denied.

The plaintiff commenced this shareholder derivative action in the Supreme Court, Nassau County. The plaintiff, the trustee of a Pennsylvania pension fund, is a shareholder in the nominal defendant Standard Chartered PLC (hereinafter SC). SC is a multinational banking and financial services company. SC is publicly owned, is registered and organized under the laws of England and Wales, and is headquartered in London. The nominal defendant Standard Chartered Holdings, Ltd. (hereinafter SC Holdings) is a wholly-owned subsidiary of SC. Nonparty Standard Chartered Bank (hereinafter SC Bank) is a wholly-owned subsidiary of SC Holdings. SC Bank, an international bank, is licensed to operate a foreign bank branch in New York.

The amended complaint alleged that SC had performed dollar clearing operations at SC Bank's New York branch on behalf of clients subject to sanctions by the United States, prompting investigations by regulators and prosecutors. Ultimately, to resolve the investigations, SC reached a series of agreements, among other things, to make payments totaling more than $1 billion in fines, forfeitures, penalties, and settlements. The amended complaint sought, inter alia, to recover damages for breach of fiduciary duty.

SC moved to dismiss the amended complaint insofar as asserted against it pursuant to CPLR 327 and 3211(a). The plaintiff opposed SC's motion. In an order entered February 8, 2022, the Supreme Court granted SC's motion. The court concluded that dismissal was warranted pursuant to CPLR 3211(a) because the plaintiff lacked standing to assert derivative claims. The court further concluded that the issue of SC's entitlement to dismissal pursuant to CPLR 327 was academic. The plaintiff appeals.

The Supreme Court incorrectly determined that the amended complaint should be dismissed insofar as asserted against SC based on lack of standing. "Where a CPLR 3211(a)(3) motion is based upon an alleged lack of standing, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing as a matter of law" (Wilmington Sav. Fund Socy., FSB v Matamoro, 200 AD3d 79, 89-90; see Katz v Hampton Hills Assoc. Gen. Partnership, 186 AD3d 688, 691). "To defeat a defendant's motion, the plaintiff has no burden of establishing its standing as a matter of law; rather, the motion will be defeated if the plaintiff's submissions raise a question of fact as to its standing" (Katz v Hampton Hills Assoc. Gen. Partnership, 186 AD3d at 691 [internal quotation marks omitted]; see Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 60). Here, it cannot be concluded that SC lacked standing as a matter of law. It is undisputed that the plaintiff is a member of SC. While SC contends that the plaintiff cannot have standing under the United Kingdom Companies Act of 2006 (hereinafter the UK Companies Act) because these claims were brought outside the United Kingdom, we conclude, based on the statutory scheme, that the geographic limitation in section 260(1) of the UK Companies Act is a procedural provision intended to distinguish the standards and procedures applicable in England and Wales or Northern Ireland from those applicable in Scotland. Further, the geographic limitation is procedural because it does not create or defeat any substantive rights (see Davis v Scottish Re Group Ltd., 30 NY3d 247, 255-257; cf. Tanges v Heidelberg N. Am., 93 NY2d 48, 54-58). Since the procedural law of the forum typically applies under our conflict-of-law rules, the plaintiff's failure to commence the action in England and Wales or Northern Ireland does not bar it from relying on the UK Companies Act to establish derivative standing in New York (see Davis v Scottish Re Group Ltd., 30 NY3d at 254-255; Mason-Mahon v Flint, 166 AD3d 754, 756-757).

Further, contrary to SC's contentions raised as alternative CPLR 3211(a) grounds for affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 544-545), dismissal of the amended complaint insofar as asserted against SC is not warranted under other CPLR 3211(a) grounds such as claimed lack of subject matter or personal jurisdiction.

Instead, the Supreme Court should have conditionally granted SC's motion to dismiss the amended complaint insofar as asserted against it pursuant to CPLR 327 based on forum non conveniens. "On a motion to dismiss on the ground of forum non conveniens, the burden is on the defendant challenging the forum to demonstrate that considerations relevant to private or public interest militate against accepting or retaining the litigation" (Fertco v Jhashi, 213 AD3d 963, 964 [internal quotation marks omitted]; see Matter of OxyContin II, 76 AD3d 1019, 1020-1021). "Among the factors the court must weigh are the residency of the parties, the potential hardship to proposed witnesses, the availability of an alternative forum, the situs of the actionable events, and the burden which will be imposed upon the New York courts, with no one single factor controlling" (Sikinyi v Port Auth. of N.Y. & N.J., 185 AD3d 619, 620 [internal quotation marks omitted]; see Kefalas v Kontogiannis, 44 AD3d 624, 625). "The court may also consider the location of potential witnesses and documents and potential applicability of foreign law" (Fertco v Jhashi, 213 AD3d at 964 [internal quotation marks omitted]; see Fekah v Baker Hughes Inc., 176 AD3d 527, 529).

Here, the plaintiff is the trustee of a Pennsylvania pension fund, and SC is registered [*2]and organized under the laws of England and Wales and is headquartered in London. None of the individual defendants reside in New York. Further, the central actionable events transpired in the United Kingdom, where SC's directors and officers held their meetings. Although the plaintiff contends that SC presided over a money laundering scheme centered on SC Bank's New York branch, its derivative claims center on management decisions made in the United Kingdom (see Bader & Bader v Ford, 66 AD2d 642, 647). Further, it is undisputed that English substantive law governs the plaintiff's claims. Under these circumstances, the Supreme Court should have conditionally granted SC's motion to dismiss the amended complaint insofar as asserted against it pursuant to CPLR 327 on the ground of forum non conveniens, as the burden which would be imposed upon the courts of this State if this action was retained would be substantial (see Fertco v Jhashi, 213 AD3d at 964-965; Primus Pac. Partners 1, LP v Goldman Sachs Group, Inc., 175 AD3d 401, 402).

To assure the availability of a forum for the action, we condition the forum non conveniens dismissal on SC stipulating to waiving jurisdictional and statute of limitations defenses as indicated above (see DelGrosso v Carroll, 185 AD3d 901, 905; Wild v University of Pa., 115 AD3d 944, 946; Boyle v Starwood Hotels & Resorts Worldwide, Inc., 110 AD3d 938, 940, affd 23 NY3d 1012).

Accordingly, we modify the order.

DILLON, J.P., FORD, DOWLING and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court